### HENRY J. HAYTER, RELATOR, v. ELMER C. BENNER, RESPONDENT.

Argued November 6, 1901—Decided February 24, 1902.

Where a person, who is elected to an office, is required, before entering upon the discharge of the duties thereof, to take and subscribe an oath of a specified form, the taking of the oath essentially in that form is a condition precedent to his complete investiture into the office, and, in contemplation of law, is just as much a requisite to its enjoyment as the election itself.

On *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and GARRETSON.

For the relator, *Charles E. Cook.*

For the respondent, *Samuel A. Patterson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a contest over the office of councilman of the borough of Bradley Beach, the relator claiming title by reason of his having received a majority of the votes cast at a borough election held to fill the office, and the respondent claiming under an appointment made by the mayor of the borough, prior to the election, to fill a vacancy which then existed in the office. The respondent's appoint-

ment was made in pursuance of authority conferred by section 4 of the Borough act of 1897 (*Pamph. L., p.* 286), which provides that a vacancy occurring in the office of councilman "shall be filled by appointment till the next annual election, and until the election and qualification of a successor." He bases his right to continue to hold the office upon the failure of the relator to properly qualify, after his election, as required by the statute just quoted. Section 8 of the Borough act of 1897 requires that councilmen "shall, * * * before entering upon the discharge of the duties of their office, take and subscribe an oath or affirmation faithfully and impartially to discharge the duties of their office." The oath taken by the relator was in the following words: "I hereby accept the office [of councilman of Bradley Beach] and obligate myself to perform the duties of such office required by the constitution and by-laws of said borough, to the best of my ability."

The case presents the question whether the oath taken by the relator is a substantial compliance with the statutory requirement. We think that it plainly is not. By it the relator obligates himself to perform only such duties as are required by the constitution and by-laws of the borough—by which is meant, presumably, the Borough act of 1897 and the various ordinances in force in Bradley Beach—but assumes no obligation with respect to the performance of those duties which are imposed upon the councilmen of the borough by statutes other than that just mentioned.

So, too, the relator has failed to obligate himself to perform his duties with faithfulness and impartiality, as required by the statute. The words "to the best of my ability," appearing in the oath actually taken by him, are not the equivalent of those used in the statute. The legislature having prescribed the form of the oath to be used, the taking of the oath essentially in that form is a condition precedent to the complete investiture into the office, and, in contemplation of law, just as much a requisite to its enjoyment as the election itself. *Manahan* v. *Watts,* 35 *Vroom* 465, 473.

The relator, having failed to take the oath prescribed by the statute, never obtained title to the office of councilman, and the respondent is consequently entitled to judgment.