STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS WARADY, PLAINTIFF IN ERROR.

Submitted December 6, 1909—Decided February 28, 1910.

1. In an indictment for having feloniously, willfully, maliciously and unlawfully incited. moved, procured, aided, abetted counseled. hired and commanded A B to commit the crime of bigamy, it is not necessary to prove the conviction of A B of having committed said crime, bigamy not being a felony under the law, and therefore one who aids in its commission being chargeable as principal.
2. The minutes of court proceedings kept by the clerk are competent evidence of those proceedings until the formal record is made up.

---

On error to the Supreme Court, whose opinion is reported in 48 *Vroom* 348.

For the plaintiff in error, *John H. Backes.*

For the defendant in error, *William J. Crossley,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The plaintiff in error was convicted upon an indictment charging him with having "feloniously, willfully,

maliciously and unlawfully incited, moved, procured, aided, abetted, counseled, hired and commanded" Michael Kiss and Emma Papp to commit the crime of bigamy. The Supreme Court affirmed this conviction in error, and a further writ of error brings the case into this court.

It is stated in the Supreme Court opinion that the entire record is returned pursuant to section 136 of the Criminal Procedure act of 1898 (*Pamph. L., p.* 915), but on examination of the printed case we find no such return, but only the ordinary return irrespective of that section. The case is therefore before us strictly on bill of exceptions and errors, if any, in the record proper. Of the latter none is relied on here for a reversal, but plaintiff in error presses only the three points discussed and disposed of in the Supreme Court.

As to the first point, that the trial court erred in commenting as it did on the credibility of the testimony of plaintiff in error and of his daughter, as affected by their interest in the result of the trial, we think the conclusion of the Supreme Court was entirely correct, and are content to rest our decision in this respect on the opinion of that court. The same may be said as to the third ground of reversal urged, that the court erred in admitting evidence which was not objected to by counsel for plaintiff in error, and which, as counsel now frankly states, he purposely allowed to go in without objection, as he feared that such objection would operate more prejudicially to the interests of his client before the jury than the admission of the evidence. Having made his choice voluntarily he must, of course, abide by it, and, irrespective of this, there is no exception on which to base his present claim.

The really important point in the case is that secondly disposed of by the Supreme Court. It seems to have been held in that court, and assumed if not ruled upon the trial, that to convict on the indictment it was an essential part of the state's case to show a conviction of what was called the "principal offence." The evidence on this branch of the case consisted of the testimony of Michael Kiss, called as a witness for the state, that a few days before the trial he had pleaded guilty in the same court to a charge of bigamy in having un-

lawfully married Emma Papp on the date charged in the indictment, having a wife then living. This testimony was received without objection. The indictment for that crime of bigamy was not offered, nor was the formal record of conviction nor any part thereof; but the deputy clerk of the court was sworn as a witness, and, after he had testified to other matters, the examination proceeded as follows:

"*Q.* You have, have you not, a record of the minutes of the Court of Quarter Sessions of the county of Mercer of date December 9th, showing the conviction—that is, by a plea of guilty—of Michael Kiss on a charge of bigamy?

"*A.* Yes, sir; he pleaded to an allegation of bigamy, and pleaded guilty.

"*Q.* Pleaded how?

"Mr. Backes—I object.

"The Court—Why?

"Mr. Backes—That is not the record.

"*Q.* Have you before you the rough minutes?

"*A.* Yes.

"*Q.* Have you the records of the court yet made up, taken from those rough minutes?

"*A.* No.

"Mr.—Backes—It is not the judgment of the court.

"The Court—It is the minutes of the court, I will take it. I presume it is to show again the conviction of Kiss?

"*Q.* He pleaded guilty, didn't he, captain?

"Mr. Backes—I object.

"The Court—I will admit it. They are the minutes of this court. I will admit the minutes of my own court.

"Witness—What is the question.

"*Q.* You have before you the minutes of the court of December 9th?

"*A.* Yes.

"*Q.* Showing a plea of guilty by Michael Kiss to the allegation of bigamy?

"*A.* Yes.

"Mr. Backes—I object to the question.

"The Prosecutor—I offer the record in evidence.

"Mr. Backes—I object to it because it is not evidence.

"The Court—I will receive it."

To which ruling counsel took an exception, which is assigned for error, and is the basis of the point secondly decided by the Supreme Court and now under consideration here.

It will be observed that the rough minutes were objected to because they were "not evidence." The objection was not that the record was incomplete, nor that the allegation had not been offered, nor that the judgment record had not been made complete by a sentence, but was that these minutes were not lawful evidence of what they purported to show. What that purport was we are not informed, except by the testimony quoted above, as they are not returned as part of the printed case. Presumably they showed some proceedings in the sessions relating to the arraignment and plea of guilty. So far as they went, they were lawful evidence, it being shown that the formal record was not made up. *Jones Ev.*, § 638; *Pruden* v. *Alden*, 23 *Pick.* 184; *McGrath* v. *Seagrave*, 2 *Allen* 443; *Townsend* v. *Way*, 5 *Id.* 426; *Read* v. *Sutton*, 2 *Cush.* 115; 17 *Cyc.* 302; *Wigm. Ev.*, § 2450; though this last authority goes only to the extent of conceding their admissibility if the time has not elapsed when the roll can be made up. In this state it has been held that they are not competent to impeach the formal record of a judgment (*Den* v. *Downam*, 1 *Gr.* 136), but the general principle is not only unchallenged but substantially asserted. *Browning* v. *Flanagin*, 2 *Zab.* 567, 572, 573. The English rule was apparently to the contrary as to the proceedings of courts other than that in which the trial was progressing. *Rosc. Cr. Ev.* 186; *R.* v. *Smith*, 8 *Barn. & C.* 341; but if the minutes were those of the same court they were received. *Tooke's Case*, 25 *How. St. Tr.* 446, 447; see, also, *R.* v. *Brown*, 3 *Car. & P.* 572. Of course, the minutes admitted were not sufficient evidence to prove the conviction, but this, as already noted, was not the ground of the objection. So far, therefore, as pointed out by the objection and exception, no error in the admission of these minutes appears.

The testimony of Kiss himself as to his arraignment and

plea of guilty was not objected to, nor was motion made to strike it out. Consequently it stands unchallenged, and, indeed, it is obvious, from an examination of the evidence, that every one concerned understood fully that Kiss had pleaded guilty of bigamy a few days previously, whatever may have been the fact as to judgment and sentence. At no stage of the trial was the point made that the conviction of Kiss for bigamy had not been adequately proved, nor was there a motion to direct a verdict on this ground.

But we may go a step farther and say that it was not necessary to prove the conviction of Michael Kiss of the crime of bigamy as a principal offence. Such proof is required only in cases of felony, and bigamy is not, and never was, a felony in New Jersey. It was declared to be such by statute 1 *Jac.* 1, *c.* 11, but this statute was restricted in its operation to offences committed in England and Wales, and, consequently, had to be re-enacted in the various colonies of this country. 5 *Cyc.* 689; *Reynolds* v. *United States,* 98 *U. S.* 145; 4 *Encycl. L.* (*2d ed.*) 36. Such re-enacting statutes did not make it a felony, at least not in this state, where the distinction between felonies and misdemeanors is ignored. *Jackson* v. *State,* 20 *Vroom* 252, 255. And in misdemeanors all are principals. *Engeman* v. *State,* 25 *Id.* 257; 12 *Cyc.* 183. Our criminal code (*Pamph. L.* 1898, *p.* 794, § 52, at *p.* 808), defines the offence of bigamy but without stating what grade of crime it is, and as it was not a felony at the common law it will not be regarded as one under the statute unless the intendment to make it such is clear. No such intendment appears, and as a result it must be regarded as of the grade of misdemeanor only.

The defendant below, though he did not marry the woman himself, was shown to the satisfaction of the jury to have been present at the ceremony, to have urged the parties to contract the marriage, and to have aided them in various ways in so contracting it. He was thus a direct participant in the crime as a principal in the second degree. The fact that he is described in the indictment as abetting, counseling and assisting, &c., does not alter the nature of the offence; he remains a

principal. In this view of the case proof of the conviction of Michael Kiss was needless.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 13.

*For reversal*—None.