STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MORRIS GOLDFARB AND SADIE GOLDFARB, HIS WIFE, PLAINTIFFS IN ERROR.

Submitted March 17, 1921—Decided June 10, 1921.

The legal presumption that where the wife commits a crime in the presence of her husband she is under his coercion and that her acts are not voluntary on her part is rebuttable, and when there is evidence from which a jury may infer that the participation of the wife was voluntary, the refusal to direct an acquittal of the wife is not error.

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the defendant in error, *J. Henry Harrison* and *A. Leslie Price.*

For the plaintiffs in error, *Kraemer & Siegler.*

The opinion of the court was delivered by

BERGEN, J. The defendants, husband and wife, were convicted of carnal abuse of a female child thirteen years of age. The proofs by the state permit the inference that the wife went to the mother of the child and asked permission to take the child to a theatre, which was granted, and on the evening of October 17th, 1919, the child went to the home of defend-

ants and they took her to the theatre; that on returning from the theatre they reached defendants' home about midnight, and at the request of the wife the child spent the night with them; that all three slept in the same bed and the husband attempted to have intercourse with the child, which she resisted; that to show her that the intercourse would not hurt her the husband and wife indulged in it; that later in the night the husband renewed his attempts on the child, the wife holding one of her legs, the husband the other, and thus the act was accomplished.

This writ seeks the review of the conviction of the wife. Two errors only are argued—(a) that it was error not to direct for the wife on the ground that her criminal act of assisting was under the coercion of the husband and in his presence; (b) error in the charge of the court. It is a presumption of law that the criminal acts of the wife done in the presence of the husband are not voluntary, but coercive, but this is only a presumption and is rebuttable, and we are of opinion that under the facts in this case the question whether the participation of the wife was voluntary or under the coercion of the husband was for the jury and was properly left to them.

The next and only other point is, that in response to a question sent to the court by the jury after they had retired, the court instructed: "If you are satisfied that at all times, as you heard in the charge, that she was under the coercion or influence of her husband, and was acting under that coercion and not voluntarily, you cannot find her guilty." The objection is that the defendant does not have to satisfy the jury of her innocence. The trouble with defendant's point is that he does not truly state what the judge said, which was: "If you are not satisfied beyond a reasonable doubt that what she did was done voluntarily, you cannot find her guilty," and then follows the excerpt challenged. This charge, when read in its entirety, was correct.

The judgment will be affirmed.