THE STATE OF NEW JERSEY, EX REL. EDWARD A. RHINESMITH, RELATOR-APPELLANT, v. CHARLES N. GOODFELLOW, DEFENDANT-RESPONDENT.

Submitted May 26, 1933—Decided November 23, 1933.

For the appellant, *Charles H. Roemer.*

For the respondent, *Alexander M. MacLeod (Merritt Lane* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment in favor of the defendant-respondent in a *quo warranto* action instituted under section 4 of an act entitled "An act concerning *quo warranto*" (3 *Comp. Stat., p.* 4212), wherein the relator alleges that the defendant below usurped, intruded into and unlawfully holds a municipal office (clerk of the borough of Wanaque) to which the relator was entitled.

The defendant, Charles N. Goodfellow, filed a plea to this information, saying that the relator had no right or title to the office in question; that the term of the relator had expired on December 31st, 1932, and that he, the defendant, was duly appointed and qualified as such borough clerk in his place and stead, setting out other facts and circumstances in his plea tending to justify his retention of said office, to all of which the relator filed a replication, joining issue.

The matter was then referred by a justice of the Supreme Court to the Circuit Court judge of the county of Passaic for trial. A jury was waived and the court proceeded to hear the case on the issue presented, and at its conclusion filed a memorandum and signed a finding of fact and *postea* holding that the defendant was entitled to the office of borough clerk of the borough of Wanaque.

The practice of referring such issue to the Circuit Court is authorized by chapter 118, *Pamph. L.* 1906, *p.* 209 (2 *Comp. Stat., p.* 1712, § 28-a). See, also, *Wilson, Attorney-General,* v. *Morris Railroad Co.,* 11 *N. J. Mis. R.* 787 (a case decided in 1912, but not reported until now). The statute confers upon such Circuit Court judge the same powers a Supreme Court justice possesses for the trial of the particular issue, including power to sign a *postea.*

The *postea* here, however, recites a finding "that judgment final be entered in favor of said respondent," &c. This was improper. The *postea* should contain only the facts and the findings germane to the issue. The rule for judgment is predicated on the *postea. Cf.* 1 *Archbold's Practice* (*Q. B.*), *p.* 328, § 1; 2 *Tidd's Practice, p.* 900; 3 *Comp. Stat., p.* 4117, § 210. The inclusion in this *postea* of this "judgment

finding" is not complained of, is not harmful and at any rate a rule for judgment was later entered.

Now it appears that Edward A. Rhinesmith, the relator, had been clerk of the borough for the calendar year of 1932, and his term would expire at the end of that year, if a successor was legally appointed in his place. In November, 1932, a new mayor, Mr. Barker, and two councilmen, Messrs. Winterhoff and Conklin, were elected, to take office January 1st, 1933.

There are six members of the council. The relator acted as clerk for the organization meeting of the council, which was on January 2d, 1933, at which time Mr. Conklin sent a letter to the meeting tendering his resignation as such councilman. It appears that Conklin had not yet qualified for, although he had been elected to, this office, in that he had not subscribed to the requisite oath of office and filed same with the clerk as required by the statute. (*Cf.* "An act concerning municipalities," chapter 152, laws of 1917, article 12.) This is a condition precedent to his taking office and is as essential to entering upon the duties of office as the election itself. *Hayter* v. *Benner,* 67 *N. J. L.* 359; *Manahan* v. *Watts,* 64 *Id.* 465, 474.

It is alleged, in the information, that Conklin's resignation was valid and effectual; the plea, asserting technical reasons, denies that it was.

At the next meeting Conklin presented himself; subscribed to the oath of office and voted with two other councilmen to delete from the minutes all reference to his resignation. He likewise voted to confirm the appointment of the defendant below as clerk. Three members of the body did not vote on the second resolution and were recorded in the negative. The mayor declared the vote a tie and himself cast the deciding vote in favor of the appointment. *Cf.* Sections 23, 26, Borough act (Revision 1897), amended *Pamph. L.* 1931, *p.* 139. Thereupon Mr. Goodfellow took over the office of clerk.

It should be noted here that counsel stipulated in open court below that the three objecting councilmen were in the meeting room at the time of the appointment of the respondent and expressed their dissent before quitting the council

table. Their refusal or failure to vote justified recording them in the negative. *Kozusko* v. *Garretson*, 102 *N. J. L.* 508.

It is argued that the minutes of the borough are the only competent evidence of the action of the council. Be that as it may, the minutes, which appear as an exhibit in the case before us, contain evidence that justifies the fact conclusion of the trial court that the respondent was legally appointed. That conclusion of fact precludes this court from reviewing it, if there is evidence to support it and there was plenary evidence to support that conclusion.

It is argued (a) that Conklin had a right to resign; (b) that Conklin was without authority to participate as councilman at the meeting; (c) that he could not repudiate his resignation; (d) that he was disqualified from voting, and (e) the respondent was not entitled to the office in question because not confirmed by majority vote.

It is obvious that all of these reasons are postulates of the proposition that Conklin was not a member legally of the governing body. In a word, if Conklin's title to office is valid, he was qualified to vote, and the relator's case fails. Conklin is not a party to this *quo warranto* action. A challenge to his right to vote in these circumstances is a challenge to his occupancy of the office of councilman and his right to occupancy of that office cannot be challenged collaterally. It can only be challenged by a writ of *quo warranto* directed against him and not by indirection. *Bumsted* v. *Blair*, 73 *N. J. L.* 378; *Loper* v. *Millville*, 53 *Id.* 362; *Bilderback* v. *Freeholders*, 63 *Id.* 55; *Roberson* v. *Bayonne*, 58 *Id.* 325; *Simon* v. *Hoboken*, 52 *Id.* 367; *Haines* v. *Freeholders*, 47 *Id.* 454; *McFall* v. *Dover*, 70 *Id.* 518.

The disposition of these grounds for reversal disposes also of other questions raised as to the relator's right to hold over as clerk.

The judgment appealed from will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.