HOWARD EWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78336.   Promulgated March 18, 1937.

*John L. McMaster, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

694

**OPINION.**

HARRON: The issue in this proceeding involves determining the relationship of the petitioner to 10 municipalities in New Jersey from which he received compensation in 1932 for services rendered in that year and prior years. Petitioner claims that he was an officer of each municipality. It is not entirely clear whether petitioner also rests his claim on the contention that he was an employee, but

consideration will be given to this possibility. There is also some reliance upon the argument that to tax this petitioner's income from various municipalities will result in imposing a burden upon local governments of the state contrary to the constitutional immunity of the instrumentalities of state government from Federal taxation. Respondent concedes that the services performed by the petitioner for the municipalities were in the exercise of essential governmental functions, but contends that petitioner was an independent contractor.

Petitioner was appointed township and borough attorney for 10 municipalities for one-year periods, excepting in one instance where he was appointed for four years. In this latter instance, because of the presence of other factors, this appointment for a longer period does not serve to distinguish it from any of the others. Examination of the provisions of the pertinent statutes of New Jersey which govern the townships and boroughs involved shows that these municipalities were authorized under permissive statutory provisions to employ or appoint attorneys and the language of these provisions provides in terms for the "appointive office" of township or borough attorney. It is evident in the statutes that, if a local government elects to exercise its right to fill such appointive office, the appointive officer is required to execute and file an oath of office. Failure to file an oath of office under the provisions of the statute results in the office becoming vacant. C. S. of N. J., vol. 4, p. 5572, secs. 5, 7, and 8; C. S. of N. J., vol. 1, p. 231, sec. 8. These statutes do not prescribe the duties of the township or borough attorney, nor do they fix the salary or compensation to be paid, but leave these matters for the action of the municipal government concerned. There is no evidence before us that the municipalities involved here defined the duties of the office which petitioner claims to have occupied, and upon the evidence it is clear that compensation was not fixed either. From the above, it appears that petitioner's appointment was authorized by statute, but it is not clear that the municipalities appointed petitioner to an office so as to make him an officer whose compensation would be exempt from Federal taxation under constitutional immunity.

The question of whether an individual is an officer of a state instrumentality of government is not answered by the fact that he was given a title of officer. It is necessary to consider the real relation of the individual to the government agency and the nature of his activities. *Helvering* v. *Powers*, 293 U. S. 214. It must also be kept in mind that issues such as the one before us here require consideration of whether the relation of the individual to an instrumentality of state government is plainly within the realm of a doctrine placing restrictions on the taxing powers of both State and Federal Governments so as to protect the independence of these governments

within their respective spheres under our constitutional system. In numerous appeals of this kind the petitioner has rested his claim that he was an officer of a political subdivision of a state upon the fact that he was retained to perform services under the title of an officer, or because there was some reference in pertinent statutes to the existence of an office which he claimed to occupy. Without referring to these cases at this time it is pointed out that in every instance the issue has been determined by resorting to facts showing claimant's real relationship to the governmental agency involved and the nature of his duties.

It is inherent in the meaning of the term "officer" that the relationship must be official; that the duties must be prescribed by law and that the nature of the work is the execution of official duties. The requirement of an oath of office is primarily to execute a pledge that the individual will faithfully execute his duties as an officer. Usually the compensation is fixed and the duties are continuous and occupy a major portion of the individual's time. The essential characteristics of a public office have been set forth in *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, and they have been quoted so frequently that specific quotation will be omitted here. This petitioner does not meet the requirements of an officer so as to be exempt from Federal taxation within the requirements of *Metcalf & Eddy* v. *Mitchell, supra*, for the following reasons: His duties were not prescribed; he did not execute an oath of office; his compensation was not fixed; his services were intermittent rather than continuous; and the work for each municipality required a very small part of his time.

Petitioner was known to be experienced and competent in matters relating to the municipal laws of the State of New Jersey and his advice and services were very helpful to the municipal bodies governing these towns, for their membership was made up chiefly of townsmen unacquainted with the requirements of municipal law in relation to their official duties. Petitioner gave them general advice and when they referred matters to him they stated the general object which the municipality wished to achieve and petitioner applied his knowledge of municipal law in preparation of ordinances, resolutions, notes, bonds, and other instruments and gave his recommendations for their proper enactment or execution. He also took care of litigation referred to him; in one instance a single tax foreclosure proceeding for which he was paid over $2,000, the largest payment from any municipality. The relationship of attorney and client clearly appears in this instance.

With respect to compensation, petitioner testified in this proceeding that he was never appointed attorney for a borough or township without a verbal understanding in advance with an official of the local government as to what retainer he would require and the rate of

fees generally that he would charge for his services. After such understanding was arrived at by conference with an official, the local governing body then appointed him attorney in accordance with such understanding. Petitioner maintained his own law office and performed all the work for these municipalities from his office and during the period of all of his services for these municipalities he carried on concurrently a private law practice which occupied 80 percent of his time. He submitted bills to the municipalities setting forth his fees for various services and these charges, which he fixed himself, were paid without question.

Further, it is not consistent with the essential meaning of the term "officer" that one person can be an officer of a number of local governments. The weight of the argument that an individual.is an officer of a local government diminishes in proportion to the number of municipalities served, under such facts as are present here. It is difficult to believe that the question of removal from "office" could ever arise under the state of facts surrounding petitioner's various engagements. In the most extreme case the worst that could happen would be that no matters would be referred to petitioner from the municipality. It has been noted that two of the boroughs involved, having a commission form of government, are not governed by the statutes referring to the borough attorney as an officer, so that petitioner's claim to be an officer in these two instances has even less weight than in the others. It has also been noted that in the case of *Hayter* v. *Benner*, 67 N. J. L. 359; 52 Atl. 351, it was held that in *quo warranto* proceedings one who had not taken an oath of office had no title to the office. The fact that petitioner did not take an oath of office under any of his appointments is considered as indicative of the lack of an official relationship. The primary consideration, however, is whether there are any official duties to make the taking of an oath a significant act.

Under all these circumstances we find that petitioner's relationship to the municipalities was that of attorney and client and that there was no real official relationship except in name.

Petitioner has advanced the argument that his work was in the exercise of essential governmental functions of the municipalities he served and that to tax his compensation would impose a burden upon these municipalities in exercising their sovereign rights and duties. In an appeal to justice, it has been argued that a seashore hamlet is as much entitled to protection from such burdens as a large city. This argument begs the question for it assumes that denial of the claimed exemption to this petitioner would result in denying the constitutional immunity to officers of small municipalities. Holding as we do that petitioner was not an officer of the

various municipalities, the argument has no bearing on determination of the issue here. We are not convinced by anything in the record, or by anything of which we can take judicial notice, that the imposition of the Federal income tax on this petitioner's compensation from the various municipalities would impair in any substantial manner the petitioner's ability to discharge his obligations to any political subdivisions or their ability to procure legal services or to exercise their sovereign functions.

It has already been indicated that we are not convinced that these municipalities filled the "office" of a township attorney or that the relationship was official. Giving further consideration to the nature of petitioner's work for the municipalities, we have reviewed several court decisions where it was held that because the plaintiffs had performed services to local governmental agencies in the exercise of governmental functions they were in effect instrumentalities of local government and their compensation was immune under the constitutional protection. See *Blair* v. *Mathews*, 29 Fed. (2d) 892; *Howard* v. *Commissioner*, 29 Fed. (2d) 895; *United States* v. *Butler*, 49 Fed. (2d) 52. However, the Supreme Court, in *Commissioner* v. *Howard*, 280 U. S. 526, reversed the decision of the Circuit Court in *Howard* v. *Commissioner*, *supra*, which relied on *Blair* v. *Mathews*, *supra*. It is noted that the Circuit Court in *United States* v. *Butler* followed *Blair* v. *Mathews*. Whether these decisions are authority to sustain petitioner's claim is doubtful. The Supreme Court in the decision of *Commissioner* v. *Reed*, 281 U. S. 699, reversing *Reed* v. *Commissioner*, 34 Fed. (2d) 263, has indicated that the services of attorneys for states and political subdivisions thereof are not so directly linked with the exercise of *sovereign* functions, even though aiding in the *execution* of them, as to impose an unconstitutional burden upon these governmental agencies in denying the tax exemption claimed by such attorneys. See *Devlin* v. *Commissioner*, 82 Fed. (2d) 731, and cases cited therein. Petitioner relies strongly on the decision of *Halsey* v. *Helvering*, 75 Fed. (2d) 234. The Court of Appeals for the District of Columbia in that decision was not primarily concerned with determining whether Halsey was an officer of a municipality, but, on the facts in that case, concluded that his work was in the exercise of official duties and passed to the consideration of whether his work was in the exercise of essential governmental functions. This decision does not set forth any rule to follow in determining whether or not an individual is an officer of a municipality and in our opinion does not constitute sufficient authority to sustain petitioner's contention in this proceeding. The decision in the *Halsey* case serves chiefly to distinguish the decision of *Helvering* v. *Powers*, 293 U. S. 214. In our opinion the decision in *Halsey* v. *Helvering*, *supra*, does not aid the petitioner.

Decisions of this Board and of the courts which have denied immunity from Federal taxation to those claiming to be officers or employees of political subdivisions of a state are too numerous to summarize, but the following are referred to as authority for our conclusion here that petitioner is not immune from taxation: *F. A. Pease*, 30 B. T. A. 17; affd., 83 Fed. (2d) 122; *George H. Gabel*, 25 B. T. A. 60; *Richard F. Burges*, 25 B. T. A. 1191; affd., 69 Fed. (2d) 609; *Walter G. Winne*, 27 B. T. A. 369; *Register* v. *Commissioner*, 69 Fed. (2d) 607; *Childers* v. *Commissioner*, 80 Fed. (2d) 27; *Haight* v. *Commissioner*, 52 Fed. (2d) 779; *Milo R. Maltbie*, 31 B. T. A. 614; *Harry D. Kremer*, 31 B. T. A. 566; *Consoer, Older & Quinlan, Inc.* v. *Commissioner*, 85 Fed. (2d) 461; *Melvin L. Griffith*, 31 B. T. A. 1029; *E. A. Simpson*, 28 B. T. A. 556. In most of the above cases the petitioners were lawyers and performed legal services for one or several municipalities or political subdivisions of states and claimed to be officers or employees. They were held to be independent contractors under facts in many instances similar to the facts before us here.

Exemption has been granted to attorneys claiming to be officers or employees of a state or political subdivision thereof in the following decisions, under circumstances showing that the petitioner met the requirements of an officer as set forth in *Metcalf & Eddy* v. *Mitchell, supra.* The duties of the officer were prescribed by law and the compensation was fixed. *Rosalie C. Rand, Executrix*, 27 B. T. A. 182; *Commissioner* v. *Coughlin*, 87 Fed. (2d) 670; *George H. Harlan*, 30 B. T. A. 804; affd., 80 Fed. (2d) 660.

Petitioner makes some claim to being an employee of the various municipalities, in the alternative. We are unable to sustain this contention for the record does not disclose facts to show the necessary continuity of service and control over his work by the governing bodies of the municipalities so as to bring petitioner within the status of an employee, as set forth in *Metcalf & Eddy* v. *Mitchell, supra; Louisville Railroad Co.* v. *Wilson*, 138 U. S. 501. See *Milo R. Maltbie, supra; Donald Francis Campbell*, 33 B. T. A. 101, and cases cited therein; *Register* v. *Commissioner, supra; George H. Gabel, supra; Richard F. Burges, supra; Blair* v. *Byers*, 35 Fed. (2d) 326. Cf. *Susan H. Mathews, Executrix*, 32 B. T. A. 682; and *Commissioner* v. *Coughlin, supra.*

It is held that the petitioner was not an officer of the 10 municipalities of New Jersey, but that he was an independent contractor under circumstances which show that the relationship of attorney and client existed.

*Judgment will be entered for the respondent.*