105 N.J. Super. 128 (1969)
251 A.2d 308
MAYOR CHARLES T. McCUE AND ROBERT NIVISON, PLAINTIFFS-RESPONDENTS,
v.
THOMAS A. ANTISELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 10, 1969.
Decided March 14, 1969.
*129 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Stanley Yacker argued the cause for appellant.
Mr. Herbert B. Bierman argued the cause for respondents.
The opinion of the court was delivered by CONFORD, S.J.A.D.
The question presented is whether defendant, a Class IV (N.J.S.A. 40:55-1.4) member of the Marlboro Planning Board, lost that office automatically on January 1, 1969, the statutory date for commencement of the term of office of township councilman (to which office defendant had been elected in November 1968), notwithstanding defendant's refusal to be sworn into the office of councilman on or after January 1, 1969.
The cited statute provides that Class IV members of a planning board (chosen from citizens other than municipal officials) "shall hold no other municipal office" (with exceptions not here material). The election in which defendant was chosen councilman in 1968 resulted from a vacancy in that office created on January 1, 1968 by the resignation of *130 a previous incumbent of the office. One Youngman had thereupon been appointed to fill the vacancy "temporarily * * * to serve until the qualification of" the person elected to fill the unexpired term at the next general election, as required by N.J.S.A. 40:69A-73.
On January 1, 1969 defendant delivered to the council president a letter explaining that he would not be present to assume the office of councilman that day as he had not yet decided whether to take the office as opposed to remaining on the planning board, but that he would communicate a decision as soon as possible. A week or so later he announced a decision to forego the councilmanic office and to stay on the planning board. In the meantime, on January 1 plaintiff, Mayor McCue, appointed plaintiff Nivison to the planning board to fill the "vacancy" assumed to have arisen from the commencement of defendant's term of office and from his letter, received earlier that day, declining to assume the councilmanic office for the time being.
Plaintiffs contended in the Law Division, and do so here, that since N.J.S.A. 40:69A-71 declares that elected members of the council "shall serve" their terms "beginning on the first day of January, next following their election," defendant necessarily "held" the office automatically on and after 12 noon of January 1, when the council reorganized, regardless of absence of assumption of and qualification for the office by him, and that such holding of office ipso facto voided his tenure of office as a Class IV planning board member by reason of the provisions of N.J.S.A. 40:55-1.4 mentioned above. The Law Division agreed, and held defendant had vacated his office as planning board member. We disagree.
First, we hold that defendant never "held" the office of councilman to which he was elected because he never assumed the office by qualifying for it. This conclusion results from two basic considerations: (a) the general and better rule is that one elected to an office does not become an incumbent of it until he assumes it by qualifying *131 therefor  which in this case called for being sworn. N.J.S.A. 41:1-3; 40A:5-33; 42 Am. Jur., Public Officers, § 122, p. 968; State ex rel. Rhinesmith v. Goodfellow, 111 N.J.L. 604, 606 (E. & A. 1933); Hayter v. Benner, 67 N.J.L. 359, 360 (Sup. Ct. 1902); and see Kohler v. Cobb, 31 N.J. 369, 375 (1960); (b) by virtue of N.J.S.A. 40:69A-73, mentioned above, Youngman was and continued as the incumbent of the office of councilman until defendant should qualify therefor. Defendant not having qualified on January 1 or thereafter, Youngman continued in legal contemplation to hold the office on and after that day.[1] Since two persons cannot hold the same office simultaneously, Youngman's statutory prior incumbency precluded the inception of defendant's. For either stated reason, defendant never held the office of councilman on January 1, 1969 or thereafter.
Secondly, even if one could conclude for a theoretical "holding" of the office of councilman by defendant on January 1, in the sense argued for by plaintiffs, this would not justify the additional conclusion of automatic vacation of the incompatible office of planning board member. Only where the dual office holder can be said to have accepted both incompatible offices will he be held to forfeit one of them. See DeFeo v. Smith, 17 N.J. 183, 190 (1955). In appropriate circumstances, moreover, he will be afforded an opportunity to choose which office he will accept and which reject. McDonough v. Roach, 35 N.J. 153, 159-160 (1961).
In the present case, of course, defendant never accepted the office of councilman. He could therefore not be deemed ever to have forfeited that of planning board member. Defendant is still a member of the planning board. Nivison's designation thereto was invalid.
Reversed.
NOTES
[1] We need not say whether or when Youngman's tenure terminated.