127 N.J. Super. 201 (1974)
316 A.2d 733
STATE OF NEW JERSEY, PLAINTIFF,
v.
LUKE J. PENTA, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 25, 1974.
*202 Mr. Theodore J. Labrecque, Jr. for defendant.
Mr. Russell Cottrell, Assistant Prosecutor, for the State (Mr. James M. Coleman, Jr., Monmouth County Prosecutor, attorneys).
McGOWAN, A.J.S.C.
Defendant Penta moves for dismissal of both counts of the indictment above-captioned in which *203 he is charged with alleged violations of the criminal laws of this State.
Factually it is conceded and alleged in the indictment that the crimes with which he is charged in both counts occurred during the last week of May 1971. At that time and date defendant had been elected to the office of councilman of the Borough of Highlands, but did not assume the office by taking the oath prescribed until the following July 1, which was the beginning of his term. Defendant is charged in the first count with violating N.J.S.A. 2A:93-4 and in the second count of violating N.J.S.A. 2A:85-1. More particularly, it is charged in the first count that defendant
* * * having been duly elected to councilman in the Borough of Highlands, Monmouth, New Jersey, and prior to his being sworn in as a councilman, did request and solicit from James R. Snyder, then the Mayor of the Borough of Atlantic Highlands and a developer with projects in being or in the planning stages for the Borough of Highlands, that he intercede for him, the said Luke J. Penta with Mayor James T. White of the Borough of Highlands to make Luke J. Penta the Police Commissioner, and at the aforesaid time and place the said Luke J. Penta did advise, tell and threaten the said James R. Snyder that if he did not help him to become the Police Commissioner that he the said Luke J. Penta would do whatever he could to prevent approval of the projects of James R. Snyder in the Borough of Highlands, contrary to the provisions of N.J.S. 2A:93-4. * * *
The second count repeats the identical language and then additionally alleges:
* * * Although at the time aforesaid the said Luke J. Penta had not officially been sworn in as a councilman in the Borough of Highlands, he had been elected by the people of Highlands and would be considered a councilman-elect. The said attempt to secure a position on the Council of the Borough of Highlands as Police Commissioner by exerting pressure or threatening the said James R. Snyder was unlawful and an abuse and misuse of his public position, contrary to the provisions of N.J.S. 2A:85-1. * * *
More succinctly, the charge under count 1 is soliciting a reward for a vote, and the charge under count 2 is misconduct in office. The question which is thus squarely presented, assuming *204 arguendo that all facts alleged in the indictment are true, is whether a person who is elected to public office thus becomes a public official within the purview of the language employed in the two statutes involved prior to such person being sworn into office, and assuming the duties thereunder. A research of the cases by the court and counsel indicates no case in this jurisdiction dealing squarely with this question.
N.J.S.A. 2A:93-4, which is part of the "Bribery and Corruption" chapter of the "Crimes" Title, provides as follows:
Any member or officer of any state, county or municipal government, or member of any public authority, board, association, commission or committee, who solicits or receives directly or indirectly any money or valuable thing, reward or commission for his vote as a member thereof is guilty of a misdemeanor.
Defendant argues that the statute, as it would be attempted to be applied to him, involves only "any member or officer" of a municipal government. He further argues that in order to bring him within the purview of the statutory language he must have been at the time of the alleged offense an "officer or member" of such municipal government, and until such time as he took the oath of office on July 1, 1971 he was not "a member or officer" of a municipal government.
The contention appears to have merit and it is the court's opinion that to extend the language of the statute to include within the definition of "member" or "officer" a councilman-elect who has not yet been sworn into office would be to place an interpretation on the language beyond the fair meaning of its terms and thus apply it to persons and conduct not within and beyond the contemplation of the statute. See State v. Provenzano, 34 N.J. 318, 322 (1961).
A consideration of the statutes and cases interpreting what constitutes an officer or member of a municipal government is appropriate in support of the court's conclusion above stated. N.J.S.A. 41:1-3 requires every person elected to a municipal office to subscribe to an oath of office before he enters *205 upon the execution of that office. Also see N.J.S.A. 40A:5-3. Admittedly, the statutory language is mandatory rather than directory and has so been interpreted by our courts. In Douglass v. Essex Cty. Bd. of Chosen Freeholders, 38 N.J.L. 214 (Sup. Ct. 1876), failure to take an oath of office within the time prescribed by statute was held to void qualifications of members of the board of freeholders, the court indicating that since the time within which to subscribe the oath was expressly provided by statute, the court should not by judicial intervention interfere with the legislative directive. The court notes also the language in McCue v. Antisell, 105 N.J. Super. 128 (App. Div. 1969):
* * * Defendant never "held" the office of councilman to which he was elected because he never assumed the office by qualifying for it. This conclusion results from two basic considerations: (a) the general and better rule is that one elected to an office does not become an incumbent of it until he assumes it by qualifying therefor  which in this case called for being sworn. N.J.S.A. 41:1-3; N.J.S. 40A:5-33 Am. Jur., Public Officers, § 122, p. 968; State ex rel. Rhinesmith v. Goodfellow, 111 N.J.L. 604, 606 (E. & A. 1933). * * * [at 130-131]
Moving to the second count which charges misconduct in office, defendant argues that since at the time of the alleged offense he had not been sworn into office, a charge of misconduct in office must fall since he was under no duty, had assumed no responsibilities and was in effect lacking in any incidents of office. State v. Silverstein, 76 N.J. Super. 536, 540 (App. Div. 1962), aff'd 41 N.J. 203. Relying on McCue v. Antisell, supra, defendant urges that without the oath of office and assumption of duties thereunder a councilman-elect is merely that. A reading of State v. Silverstein indicates quite clearly that misconduct in office as defined by Professor Perkins and as set forth in that court's opinion (at 540) is "corrupt misbehavior by an officer in exercise of the duties of his office or while acting under color of his office." This then presupposes that the party being charged must in fact be in office and in order to be in office the oath prescribed *206 is a necessary prerequisite. Also see, State v. Goodfellow, supra, and State v. Winne, 12 N.J. 152, 164 (1953), and cases there cited, as to the question of duties arising out of the nature of an office.
The State argues to the contrary and urges that since defendant did in fact on July 1, 1971 take the oath of office and assume the duties of the office of councilman, public policy considerations dictate that he can be held to answer as a public official within the language contained in State v. Silverstein, supra. The State submits that from the time of his election defendant assumed and agreed to perform a public function and that by acting as alleged he willfully engaged in unlawful behavior. It is further argued that defendant should not be heard to claim exemption from liability premised only on his failing to be sworn. He had been elected and was to assume the office later, and the time sequence should not mitigate his wrongdoing where such wrongdoing is alleged to constitute the commission of a crime or crimes. It was further alleged at argument before the court that the acts complained of were directly connected with and arose out of the fact that he, defendant, was to become a councilman upon his assuming office on July 1, 1971 and that condition gave rise to the circumstances which are the gravamen of the charges against him. Moreover, it was further argued and suggested that if the court were to determine that a person in such a situation were immune from responsibility during the period of time between election and the actual swearing in, it is conceivable that illegal dealings, including threats and criminal activities, could be carried on with complete immunity by a person so situated, in contemplation of holding such office, and this clearly contrary to public interest. While this argument has appeal and at first blush would seem to be persuasive, it is obvious from what the court has said heretofore that it is inapplicable.
The court is not unmindful that a dismissal of an indictment is an extraordinary remedy, and ordinarily a court should not exercise its power to dismiss except on clearest *207 and plainest grounds; but where evidence is clearly lacking, it is likewise the duty of the court to set aside the charge. State v. Weleck, 10 N.J. 355, 364 (1952).
While the court does not here pass upon any other charges not now before it or any other charges which might subsequently arise out of this alleged matter, if any, it is to be noted generally that there are other provisions of the criminal laws pertaining to this type of alleged criminal activity that might be applicable and under which a defendant could be charged, such statutes being directed at what could be termed nonofficial conduct. The court's determination that the indictment under consideration as to both counts should be dismissed for the reasons above stated does not immunize defendant or any other individual from being otherwise prosecuted for violations of applicable criminal statutes. The determination herein made is simply that the sections of the statutes under which this defendant was indicted for an offense allegedly committed while his admitted status was that of a councilman-elect are inapplicable: he is not within the purview of these sections of the statutes relied upon.
Accordingly, for the reasons above recited, the motion to dismiss the indictment is granted.