257 N.J. Super. 63 (1992)
607 A.2d 1343
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
LILLIAN BRYANT, DEFENDANT, AND HAROLD MOSEE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1992.
Decided June 9, 1992.
*64 Before Judges PRESSLER, SHEBELL and D'ANNUNZIO.
Michael Bozza, Assistant Attorney General, argued the cause for appellant (Robert J. Del Tufo, Attorney General, attorney; Michael Bozza, of counsel; David Brody, Deputy Attorney General, on the letter brief).
Michael L. Testa argued the cause for respondent (Basile, Testa & Testa, attorneys; Michael L. Testa, of counsel; Philip S. Burnham, II, on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
Pursuant to leave granted, the State appeals from the third decretal paragraph of a November 18, 1991 order dismissing counts two and nine of Atlantic County Indictment XX-XX-XXXX *65 (State Grand Jury Indictment 233-89-3(2)) as to defendant Harold Mosee. The issue is whether a person who is not a public servant may, nevertheless, be guilty of the crime of official misconduct, N.J.S.A. 2C:30-2, as an accomplice or co-conspirator.
N.J.S.A. 2C:30-2, the official misconduct statute, criminalizes certain acts of public servants. Harold Mosee was not a public servant at the time the alleged acts were committed. Count two of the indictment alleged that Lillian Bryant, as supervisor of the Atlantic City Landlord-Tenant Affairs Office, was a public servant, that she had the power to influence rent increases for rental units within Atlantic City and "that the said Lillian Bryant directly and indirectly through the said Harold Mosee, did agree to accept and accept $2,000 in United States currency from Albert Black, as compensation for the said Lillian Bryant's calculation and recommendation of rental increases for" certain rental units in Atlantic City "contrary to the provisions of N.J.S.A. 2C:30-2 and N.J.S.A. 2C:2-6."
Count nine alleged that Sylvetta Pilgrim, as an employee of the Atlantic City Landlord-Tenant Affairs Office, was a public servant, and that the "said Harold Mosee and the said Sylvetta Pilgrim, directly and indirectly through said Harold Mosee, did agree to accept and accept $300 in United States currency from Albert Black ... as compensation for the said Sylvetta Pilgrim's calculation and recommendation of rental increases" for certain rental units in Atlantic City "contrary to the provisions of N.J.S.A. 2C:30-2 and N.J.S.A. 2C:2-6."
Prior to trial, the State moved for a ruling regarding the sufficiency of the indictment.[1]See R. 3:10-1. The defendant Harold Mosee cross-moved to dismiss the indictment. Id.; R. 3:10-2. After oral argument, the motion judge ruled "that the law is, and properly should be, that only a person who is a *66 public servant can be found guilty of misconduct in office. Mr. Mosee not being a public servant cannot be found guilty of that offense even as an accomplice or co-conspirator." We now reverse.
N.J.S.A. 2C:2-6a provides that a person is guilty of an offense "if it is committed by his own conduct or the conduct of another person for which he is legally accountable, or both." N.J.S.A. 2C:2-6b provides in part:
b. A person is legally accountable for the conduct of another person when:
....
(3) He is an accomplice of such other person in the commission of an offense; or
(4) He is engaged in a conspiracy with such other person.
c. A person is an accomplice of another person in the commission of an offense if:
(1) With the purpose of promoting or facilitating the commission of the offense; he
(a) Solicits such other person to commit it;
(b) Aids or agrees or attempts to aid such other person in planning or committing it; or
(c) Having a legal duty to prevent the commission of the offense, fails to make proper effort so to do; or
(2) His conduct is expressly declared by law to establish his complicity.
The State's theory is that Mosee, though not a public servant, introduced Black to Bryant and Pilgrim and facilitated their corrupt relationship. Thus, the State's primary legal theory is that Mosee is guilty of official misconduct because he was legally accountable for the conduct of Bryant and Pilgrim as an accomplice. The State also contends that Mosee was legally accountable for Bryant and Pilgrim's misconduct because he was engaged in a conspiracy with them as charged in count one of the indictment. Defendant contends that being a public servant is an element of the offense of official misconduct, that he was not a public servant and, therefore, that he lacked capacity to commit the crime.
*67 N.J.S.A. 2C:2-6d (hereafter § 6d) anticipates the defense of lack of capacity. It provides:
A person who is legally incapable of committing a particular offense himself may be guilty thereof if it is committed by another person for whose conduct he is legally accountable, unless such liability is inconsistent with the purpose of the provision establishing his incapacity.
This section is consistent with and codifies pre-existing law in New Jersey. See State v. Warady, 78 N.J.L. 687, 691, 75 A. 977 (E. & A. 1909) (defendant convicted of bigamy as aider and abettor); State v. Marshall, 97 N.J.L. 10, 12, 116 A. 691 (Sup.Ct. 1921) (defendant may be convicted, as aider and abettor, of crime of embezzlement by a tax collector, though defendant not the tax collector; however, defendant may not so convicted if the tax collector is acquitted); State v. Goldfarb, 96 N.J.L. 61, 114 A. 143 (Sup.Ct. 1921) (wife convicted of assisting her husband in carnal abuse of a child); see also Final Report of the New Jersey Criminal Law Revision Commission, Volume II: Commentary (hereafter Commentary), p. 59 (1971) (N.J.S.A. 2C:2-6d "is a fair statement of existing law"). But cf., State v. Aiello, 91 N.J. Super. 457, 463, 221 A.2d 40 (App. Div.) (defendant who did not own building could not be convicted as an aider and abettor of statute making it a crime to own a building where gambling is carried on), certif. denied, 48 N.J. 138, 224 A.2d 324 (1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2106, 18 L.Ed.2d 1351 (1967). The Commentary describes Aiello as "out of step with the Code, with authorities elsewhere and with prior New Jersey authorities." Commentary, supra, p. 60.
Section 6d is also consistent with established legal principles in other states. See Watson v. State, 158 Tenn. 212, 12 S.W.2d 375 (1928) (though defendant could not be convicted as a principal because he was not a public officer, he was amenable to prosecution as an aider and abettor); Commonwealth v. Weldon, 159 Pa.Super. 447, 48 A.2d 98 (Super.Ct. 1946) (defendant, though not a bank employee, may be convicted as accomplice under statute applicable to embezzlement by a bank employee); see also Jack Berman, Inc. v. District of Columbia, *68 132 A.2d 147 (D.C., Mun.Ct. of Appeals 1957) (though not a licensed automobile dealer, defendant could be convicted as aider and abettor); cf. State v. Carter, 66 Ariz. 12, 182 P.2d 90, 92 (1947) (female may be guilty of rape as accomplice, though not physically capable of rape); People v. Medrano, 24 Ill. App.3d 429, 321 N.E.2d 97 (App.Ct. 1974) (female may be guilty of rape as accomplice, though statute defines crime as being perpetrated by a male). See generally, 22 C.J.S. Criminal Law § 132 (1989); Annotation, Criminal Responsibility Of One Co-Operating In Offense Which He Is Incapable of Committing Personally, 5 A.L.R. 782 (1920), supplemented, 74 A.L.R. 1110 (1931) and 131 A.L.R. 1322 (1941).
Defendant offers no sound reason grounded in public policy or in the criminal code not to apply § 6d in this case. Misconduct by public officials frequently is encouraged, aided and facilitated by persons outside government[2] and, therefore, accomplice liability is consistent with the statutory aims of deterrence and punishment implicit in N.J.S.A. 2C:30-2. Consequently, we conclude that the last clause of § 6d is not applicable.
Defendant relies on State v. Williams, 189 N.J. Super. 61, 458 A.2d 1295 (App.Div.), certif. denied, 94 N.J. 543, 468 A.2d 193 (1983); State v. Penta, 127 N.J. Super. 201, 316 A.2d 733 (Law Div. 1974) and State v. Indelicato, 87 N.J. Super. 566, 210 A.2d 233 (Law Div. 1965). These decisions are inapposite. Each addressed the narrow issue of whether the defendant was a public officer. Accomplice liability was not at issue.
The order appealed from is reversed and counts two and nine are reinstated as to defendant Harold Mosee.
NOTES
[1] Apparently the State considered the issue to be problematic because of a prior adverse ruling during trial in a related case.
[2] One of the alternative elements of the crime is that the public servant acts "with purpose to obtain a benefit for himself or another." (Emphasis added.)