## Commonwealth ex rel. De Poe, Appellant, *v.* Ashe, Warden.

Argued April 13, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John J. Cohen,* for appellant.

*Owen B. McManus,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

PER CURIAM, July 20, 1950:

A petition for writ of habeas corpus is not a substitute for an appeal. Consequently, the order of the Court of Common Pleas of Allegheny County dismissing relator's petition and refusing a writ of habeas corpus will be affirmed.

Relator was convicted by a jury of sodomy and attempted statutory rape, in the Court of Oyer and Terminer of Allegheny County, on bills of indictment charging him with sodomy and statutory rape. Relator was sentenced by the court on June 28, 1948, on bill No. 86, October Sessions, 1947, for sodomy, to undergo imprisonment in the Western State Penitentiary for a term of not less than five years nor more than ten years to be computed from December 24, 1947; and on bill No. 85, October Sessions, 1947, for attempted statutory rape, to undergo imprisonment in the Western State Penitentiary for a term of not less than five years nor more than ten years, the sentence to run concurrently with the sentence imposed on bill No. 86.

Relator, at his trial in the Court of Oyer and Terminer of Allegheny County, was represented by counsel, and at the argument of his appeal to this Court from the order of the Court of Common Pleas of Allegheny County he was represented by counsel of his own choosing. The brief which relator has filed in this Court presents only an argument to the effect that relator's constitutional rights were violated when the judge in

the Court of Common Pleas of Allegheny County, to whom he addressed his petition for writ of habeas corpus, denied his petition without a hearing. No hearing was necessary in the court below. No factual issues were presented, and disposition of the matter on the petition, answers thereto, and the original record could be made. See *Com. v. Curry*, 285 Pa. 289, 132 A. 370. While the writ of habeas corpus is a writ of right, it does not issue as of course but only on cause shown. *Com. ex rel. Geisel v. Ashe*, 165 Pa. Superior Ct. 41, 45, 68 A. 2d 360. It would have served no purpose to have had relator produced in court for a hearing, as relator failed to show any cause or make out a prima facie case for the issuance of the writ.

At the argument of his appeal before this Court, counsel for relator stated that the only question for our consideration was that of intrinsic fraud at relator's trial. This was based on an averment in relator's petition that testimony presented on behalf of the Commonwealth was perjured. We have examined the transcript of the testimony taken at the trial, which is in the record before us. The testimony presented by relator was contradictory of that presented by the Commonwealth, but the evidence was entirely adequate to warrant a conviction. The credibility of the witnesses was for the jury. Relator's attack on the evidence presented at the trial cannot be the subject of habeas corpus. *Com. ex rel. Koleg v. Ashe,* 140 Pa. Superior Ct. 215, 14 A. 2d 175.

The other averments in relator's petition, although not argued, have no merit. It was proper for the trial court to permit an amendment to the bills of indictment to correct a misstatement in the indictments of the date of the commission of the crimes charged. *Com. v. Tassone,* 246 Pa. 543, 549, 92 A. 713; *Com. v. Streets*, 113 Pa. Superior Ct. 65, 69, 172 A. 31; Act of March 31, 1860, P. L. 427, §§11, 13, 19 PS §§431, 433. No confession by

relator was involved on the trial, and therefore his averment that force was practiced against him in an attempt to obtain a confession is not a matter for consideration on the petition for writ of habeas corpus.

The affirmance of the order of the court below does not preclude the correction of the sentence on bill No. 85, October Sessions, 1947, by a proper proceeding. The sentence is to run concurrently with the sentence imposed on bill No. 86, and its legality has not been questioned in the present proceeding. But the sentence for an attempt to commit statutory rape may not exceed the maximum term of imprisonment provided by law for assault and battery with intent to ravish for which section 722 of the Act of June 24, 1939, P. L. 872, 18 PS §4722, provides for imprisonment, by separate or solitary confinement at labor, not exceeding five years. *Com. ex rel. Conrad v. Warden of Eastern State Penitentiary*, 165 Pa. Superior Ct. 374, 67 A. 2d 645.

The order of the court below is affirmed.