Commonwealth ex rel. Geiger, Appellant, *v.* Burke.

Argued May 28, 1952. Before Drew, C. J., Stern, Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*Joseph N. Bongiovanni, Jr.,* with him *Frank R. Hean* and *Julius C. Acchione,* for appellant.

*Richard D. Walker,* Assistant District Attorney, with him *Huette F. Dowling,* District Attorney, for appellees.

Opinion by Mr. Justice Allen M. Stearne, June 24, 1952:

Relator appeals from the order of the Court of Common Pleas of Dauphin County denying his petition for a writ of *habeas corpus.* The court below granted a rule to show cause, and answers were filed by the Warden of the Eastern Penitentiary and the District Attorney of Dauphin County. After argument on the petition and answers, the rule was discharged.

Relator is serving a term of life imprisonment fixed by a jury at his trial for the murder of his mistress, Jane E. Weaver. He was represented at trial by eminent and experienced counsel, who filed no motion for new trial. An important item of evidence introduced at the trial was a detailed confession of the crime given by relator a few hours after he was taken in custody. There is no allegation that the confession was coerced.

At the trial, evidence was adduced to establish that defendant suffered from epilepsy. Relator's counsel called to the witness stand a doctor, who testified that relator was an epileptic and that in his opinion relator *might have been* in a post epileptic trance when he gave the confession. The doctor described at length the irresponsibility of persons in such a trance.

In support of his present petition, relator has presented an affidavit by the same doctor expressing the same opinion that he gave at trial and an affidavit by a handwriting expert who examined relator's signature on the typewritten confession, who concluded that it was not the voluntary act of the signer.

The question whether the confession was made while defendant was in a trance was fully contested at the trial and was submitted to the jury under appropriate instruction by the able and experienced trial judge, the Honorable ROBERT E. WOODSIDE.

The present petition is an attempt to reopen the same question of fact which was resolved against relator by the jury at his trial, and the evidence sought to be introduced in support of the petition is similar in kind to that presented at the trial. We have repeatedly held that the writ of *habeas corpus* cannot be used to re-examine matters of fact that were passed on by the jury at the trial: *Commonwealth ex rel. Carey v. Montgomery County Prison Keeper,* 370 Pa. 604, 88 A. 2d 904.

It would serve no useful purpose to labor further this point, which has been so fully and adequately discussed in the learned opinion of Judge NEELY in the court below.

The order denying the writ is affirmed.