Commonwealth ex rel. Haines, Appellant, *v.* Burke.

Argued March 20, 1953. Before RHODES, P.J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Conrad G. Moffett,* with him *Donald E. Wieand,* for appellant.

*Robert V. Ritter,* Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 14, 1953:

Relator's petition for writ of habeas corpus was filed in the Court of Common Pleas of Lehigh County, and on March 10, 1952, President Judge HENNINGER, in a comprehensive opinion, refused the writ. Relator appealed from the order of the court, which will be affirmed.

On January 5, 1943, relator was indicted by a grand jury in Lehigh County at Nos. 50, 51, 52, and 53, January Sessions, 1943. He was charged in the four bills of indictment with armed robbery, robbery, assault with intent to rob, demanding property by means of force, assault and battery, larceny, and receiving stolen

goods. The first three bills also contained counts charging rape and assault with intent to ravish. It was alleged that relator held up four different couples in parked cars between August 11, 1942, and September 24, 1942. In three instances he was charged with having bound the man and raped the woman.

The four indictments were consolidated for trial before the same jury, and relator was convicted on each bill. On January 8, 1943, he was sentenced by the Court of Oyer and Terminer of Lehigh County to the Eastern State Penitentiary. Separate sentences for terms of not less than seven and one-half years nor more than fifteen years were imposed on bills Nos. 50, 51, and 52. On bill No. 53 the sentence was for a term of not less than five years nor more than ten years. The sentences were to run consecutively.

In his present petition relator makes two contentions which he argues require the granting of a writ of habeas corpus. He first complains that counsel was appointed for him by the trial court only fifteen minutes before the trial began, and that consequently he did not have adequate time to confer with his counsel, to prepare his defense, or to summon witnesses. In this connection we observe from the trial record that relator was not brought to trial for more than three months after his arrest; that he had a preliminary hearing at which he was confronted by his accusers; and that his trial lasted three days. Secondly, he contends that he was denied due process of law because he was not tried separately on each indictment.

Relator had filed a petition on October 3, 1950, for writ of habeas corpus in the Supreme Court of Pennsylvania at No. 392, Miscellaneous Docket No. 9, Eastern District. The matter of the consolidation for trial of the four indictments was not raised therein, but otherwise that petition is identical with the petition

now before us on this appeal from the Court of Common Pleas of Lehigh County. The Supreme Court, on December 12, 1950, in a per curiam order dismissed relator's petition, to which answers had been filed by the District Attorney of Lehigh County and the Warden of the Eastern State Penitentiary. The Supreme Court of this Commonwealth has therefore adjudicated the question which relator seeks to raise again relating to the appointment of counsel and the alleged inadequacy of time thereafter to prepare for trial. This Court will not attempt to review or consider matters so passed upon and decided by the Supreme Court. *Com. ex rel. Penland v. Ashe,* 160 Pa. Superior Ct. 316, 51 A. 2d 347; *Com. ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282, 89 A. 2d 895; *Com. ex rel. Lorenzo v. Claudy,* 172 Pa. Superior Ct. 240, 93 A. 2d 911. See, also, *Com. ex rel. Orlando v. Smith,* 346 Pa. 42, 30 A. 2d 534. However, the insufficiency of an allegation, as a ground for deliverance under a writ of habeas corpus, such as that urged upon us by relator, has been recognized recently in *Com. ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 250, 93 A. 2d 894, 896, wherein the relator contended that his counsel was appointed only ten minutes before trial: "In United States v. Wight, 2 Cir., 176 F. 2d 376, certiorari denied 338 U. S. 950, 70 S. Ct. 478, 94 L. Ed. 586, the relator contended that he did not receive the effective services of counsel because, inter alia, only fifteen minutes were available for conference with his assigned counsel prior to the case being called for trial. The court held that, in spite of the shortness of time, the appearance of counsel was not perfunctory, where there was shown no lack of knowledge by counsel of either the facts or the law upon which he advised his client. The court also said (page 379 of 176 F. 2d) : 'Moreover, time consumed in oral discussion and legal research is not the crucial

test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings, and unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus . . .' See, also, Ray v. United States, 8 Cir., 197 F. 2d 268."

Relator's present objection to the consolidation of the four indictments for trial is devoid of merit. Both appellate courts have passed on the attempt to raise such question on habeas corpus. In *Com. ex rel. Howard v. Claudy*, 172 Pa. Superior Ct. 574, 579, 93 A. 2d 906, 908, we said: "Such an objection cannot be raised on habeas corpus. Com. ex rel. Spencer v. Ashe, 364 Pa. 442, 446, 71 A. 2d 799. We might note, however, that the consolidation of indictments for the purpose of trial is largely a matter in the discretion of the trial judge, and, where the indictments are closely related, the trial court's exercise of discretion will not be reversed unless it is clearly shown that the defendant has been prejudiced thereby. Com. v. Mulroy, 154 Pa. Superior Ct. 410, 36 A. 2d 337; Com. v. McCord, 116 Pa. Superior Ct. 480, 485, 486, 176 A. 834; Com. v. Danaleczk, 85 Pa. Superior Ct. 253."

It appears that the four indictments upon which relator was tried charged a series of similar offenses committed within a period of six weeks, under similar circumstances, indicating a continuing course of conduct with a definite design or plan. See *Com. v. Ransom*, 169 Pa. Superior Ct. 306, 82 A. 2d 547, affirmed 369 Pa. 153, 85 A. 2d 125. In any event, relator has not alleged any facts which would sustain a conclusion that he was prejudiced or injured by the consolidation of the indictments for trial. See *Com. v. Roberts*, 161

Pa. Superior Ct. 548, 55 A. 2d 577; *Com. v. Lehman,* 166 Pa. Superior Ct. 181, 70 A. 2d 404; *Com. v. Kaysier,* 166 Pa. Superior Ct. 369, 71 A. 2d 846. Nor does it appear that he requested a severance.

There were no factual issues for determination by the court below presented by the petition and answer; therefore no hearing was necessary. It was proper for the court below to dispose of the matter on the petition and answer and the original trial record after oral argument. *Com. ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206.

Order is affirmed.