## Commonwealth ex rel. Lepera, Appellant, *v.* Burke.

628

Submitted March 19, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Louis T. Lepera,* appellant, in propria persona.

*Malcolm Berkowitz,* Assistant District Attorney, *Armand Della Porta,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., July 14, 1953:

On July 20, 1939 relator, Louis T. Lepera, was tried and convicted in Philadelphia County under two indictments charging him with assault and battery, aggravated assault and battery, assault and battery with intent to ravish, attempted rape and rape on two sisters. Consecutive sentences of 5 to 10 years in the Eastern State Penitentiary were imposed.

On July 14, 1949 relator was paroled. On April 23, 1952 he was given a preliminary hearing before a judge of the Municipal Court of Philadelphia County,

sitting as a committing magistrate, on charges of assault and battery, assault and battery with intent to ravish and rape on one Sally Davis. He was held for court and was tried by a judge without a jury on two bills of indictment, Nos. 1129 and 1130 April Sessions, 1952. Bill No. 1129 charged assault and battery, aggravated assault and battery, assault and battery with intent to ravish and rape. Bill No. 1130 charged relator with incestuous adultery, the aforementioned Sally Davis being the daughter of his wife by her prior marriage. Relator was represented by counsel.

The court sustained a demurrer to Bill No. 1129 but found Lepera guilty of incestuous adultery and he was returned to Eastern State Penitentiary as a parole violator and with a new commitment of 2 to 5 years in the same institution.

On October 8, 1952 the instant petition for a writ of habeas corpus was filed. Relator alleges that he was "arrested on or about April 16, 1952, and held without bail on charges of Rape, Adultery, Fornication and Bastardy", and that thereafter, "on or about April 23, 1952, Relator was tried before a duly authorized Magistrate for the said offenses, and said Magistrate thereupon dismissed said charges pursuant to law". "Subsequently", the petition continues, "Relator appeared before the Honorable John Davis and was sentenced to a term of not less than two nor more than five years on a single charge of incestuous adultery, which had been previously dismissed. . . ." It follows, the relator concludes, that "the Court had no jurisdiction to proceed against him in imposing a sentence upon a charge previously dismissed by a Magistrate as such action constituted a failure of due process within the purview of autrefois convict".

On October 8, 1952 a rule was granted on the District Attorney of Philadelphia County; and on Octo-

ber 24, 1952, after a hearing, the court dismissed the petition and remanded the relator to the custody of the warden of Eastern Penitentiary.

At the hearing the relator gave testimony in support of the allegations in his petition. With respect to this testimony the court below comments in its opinion: ". . . it is quite clear that the petitioner's claim for relief rests on a belief, either genuine or simulated, the latter being more likely, that the conviction in the Quarter Sessions Court was invalid for the reason that he had previously been discharged and/or that he could not be guilty of incest on a person with whom he had no blood relation."

This appeal is completely devoid of merit. Lepera was arrested, given a preliminary hearing, held for court, indicted, tried and convicted. The record contains no suggestion of irregularity at any stage of the proceedings. The court below heard relator's attempt to contradict the record and did not believe him.

It is possible, as the Commonwealth suggests, that the relator's argument to the effect that he was convicted of an offense which had theretofore been "dismissed" by "a duly authorized Magistrate", is the result of a misunderstanding of the trial in the Court of Quarter Sessions. It may be that when the demurrer was sustained to the rape bill, relator assumed that the ruling concerned the indictment for incestuous adultery as well. It did not, and the fact remains that relator was not at any stage of the proceedings discharged on the crime for which he was eventually sentenced.

Relator's averment that he "is in no wise related to the person upon whom the incest was allegedly committed" is simply an attempt to raise an issue of fact here which has been found against him at the trial. The writ of habeas corpus cannot be used to re-examine

matters of fact that were passed on by the trier of fact at the trial. *Com. ex rel. Carey v. Montgomery County Prison Keeper,* 370 Pa. 604, 88 A. 2d 904; *Com. ex rel. Geiger v. Burke,* 371 Pa. 230, 89 A. 2d 495.

Order dismissing petition affirmed.