## Commonwealth ex rel. Comer, Appellant, *v.* Claudy.

Submitted November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Willard E. Comer, Jr.,* appellant, in propria persona.

*Wray G. Zelt,* District Attorney and *John F. Roney,* Assistant District Attorney, for appellee.

Opinion by Hirt, J., January 19, 1954:

Willard E. Comer, Jr., has appealed from the dismissal of his petition for habeas corpus. He contends that he was entitled to the writ and a full hearing upon it. The record in the quarter sessions by endorsements on three bills of indictment shows that he on March 3, 1950, pleaded guilty to burglary and larceny on one bill; to carrying explosives, on a second bill; and on a third bill, to violation of the Uniform Firearms Act and possession of burglary tools. It is idle therefore for him to aver in his petition for the writ that he intended to plead guilty to the single charge of burglary. In a habeas corpus proceeding the relator is bound by the record until the contrary affirmatively and competently appears. *Commonwealth ex rel. Spencer v. Ashe*, 364 Pa. 442, 71 A. 2d 799; *Com. ex rel. Rushkowski v. Burke*, 171 Pa. Superior Ct. 1, 89 A. 2d 899. Relator was without counsel when he pleaded to the charges but a denial of due process cannot be inferred from that fact. *Com. ex rel. Bruce v. Burke*, 170 Pa. Superior Ct. 642, 90 A. 2d 258. The minutes of the court show that when relator appeared for sentence on March 3, 1950, he *was* represented by eminent counsel and while extenuating circumstances were advanced in mitigation of the crimes there was no request for leave to withdraw any of the pleas of guilt, on the ground that they were mistakenly entered. From the minutes of what occurred at the time of sentence it must be inferred that relator's pleas to all of the charges were understandingly entered.

Separate sentences were imposed on each of the charges in all three indictments. In his petition for the writ relator alleges that his sentence for larceny in addition to the sentence for burglary was invalid because the felonious entry and the larceny, charged in separate counts of the same bill, were committed at the

same time. And he questioned the legality of separate sentences charging violation of the Uniform Firearms Act and the possession of burglary tools, as well as his sentence for carrying explosives.

There is no merit in the criticism of the consecutive sentences imposed on the charges of burglary and larceny on the ground that they were committed in the "same transaction". In *Com. ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A. 2d 920 (disapproving the dicta in *Com. v. Birdsall*, 69 Pa. 482, 485, and *Stoops v. Com.*, 7 S. & R. 491, and overruling our holding in *Com. ex rel. Wendell v. Smith*, 123 Pa. Superior Ct. 113, 186 A. 810) it is said: "The 'same transaction' test is valid only when 'transaction' means a *single act*. When the 'transaction' consists of two or more criminal acts, the fact that the two are 'successive' does not require the conclusion that they have merged . . . The crime of wilfully and maliciously breaking and entering any building with intent to commit any felony therein is completed when the felon breaks into the building either actually, or constructively by fraud, conspiracy or threats, with the intent above named. Consummation or execution of the intent to steal or to commit some other felony is not necessary to complete the crime of burglary or the crime of 'breaking and entering' etc. See 9 Am. Jur. p. 254, sec. 27. Whatever felony is committed *in* the building broken into is separate and distinct from the offense of breaking and entering into that building." There can be no valid objection to cumulative sentences of this defendant for burglary and larceny committed in successive steps on the same occasion. *Com. ex rel. Vanderpool v. Burke*, 174 Pa. Superior Ct. 88, 99 A. 2d 904. Cf. *Commonwealth v. Hellner*, 160 Pa. Superior Ct. 158, 50 A. 2d 512; *Com. ex rel. Franell v. Ashe*, 134 Pa. Superior Ct. 96, 3 A. 2d

931; *Com. ex rel. Dickson v. Ashe,* 137 Pa. Superior Ct. 220, 8 A. 2d 549.

All of the offenses charged, though committed at the same time, or in succession, were separate crimes, independent of each other. Relator's possession of two revolvers, of dynamite with blasting caps, and of burglary tools, although in anticipation of the felonious entry or in aid of the larceny, did not merge with either of those crimes. "When a statute defines certain distinct acts as crimes, the actor cannot justly complain if he is prosecuted and punished for all of them unless one of the crimes was a necessary part of the other." *Com. ex rel. Moszczynski v. Ashe,* supra, p. 108. The above crimes were not integral phases of the same act. Whatever crimes are committed in a building feloniously entered are separate and distinct offenses. *Commonwealth v. Hellner,* supra.

The petition for habeas corpus in this case, in the light of the record on which it is based, failed to make out a case entitling the relator to relief. The petition therefore was properly dismissed without hearing. *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 96 A. 2d 122; *Commonwealth ex rel. Milewski v. Ashe,* 362 Pa. 48, 66 A. 2d 281; *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 98 A. 2d 208; *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A. 2d 206.

Order affirmed.