Commonwealth ex rel. Tokarchik, Appellant, *v.* Claudy.

510

Submitted November 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*George A. Tokarchik*, appellant, in propria persona.

*Fred J. Fees*, District Attorney, for appellee.

OPINION BY HIRT, J., January 19, 1954:

On relator's conviction of rape he was sentenced on January 11, 1943 to a term of imprisonment, computed from December 9, 1942, of from six to twelve years in the Western State Penitentiary. He was released on parole on December 22, 1949 but was returned to custody in June of the following year as a parole violator. At the request of the President Judge of Cambria County, and with the approval of the Pennsylvania Department of Welfare, relator then was transferred to the Cambria County Prison to serve the remainder of the original sentence, which will expire on December 9, 1954.

On December 5, 1950 relator was assigned to the performance of duties on a work detail outside the

county prison. During the period of his freedom from custody he attacked one Jessie Nowak. He was charged in two separate indictments at Nos. 56 and 57 March Sessions 1951 in Cambria County with aggravated assault and battery, and assault with intent to ravish. Contrary to his present contention he was well represented by Frank P. Barnhart an eminent member of the Cambria County Bar. Relator chose him as his counsel and retained him fully two weeks before the trial. The record indicates that counsel ably and diligently represented relator during the trial, and at the time of sentence after his conviction of both charges by the jury. A motion for a new trial on relator's conviction on Bill 57 was discharged after full argument before the court en banc. Relator thereupon was sentenced for assault with intent to ravish, for a term of two and one-half to five years in the Western State Penitentiary, to be computed from the expiration of the term of his imprisonment under the sentence of January 11, 1943. Relator was also sentenced on the conviction of aggravated assault and battery to a term of from one and one-half to three years, to be served concurrently with the sentence for assault with intent to ravish.

In the present proceeding relator petitioned for his discharge on habeas corpus and a rule was granted on his petition. On November 10, 1952, the date finally fixed for hearing, the rule was discharged and the petition dismissed without affording the relator the opportunity to support the averments of his petition by testimony. Although relator thus was denied a hearing we are unable to find merit in his appeal on that ground.

Relator's petition averred that at the consolidated trial on the two assault charges, Jessie Novak "was coerced by the police officers to mistakenly identify

him as her assailant." This contention cannot be considered. If there were trial errors relator's remedy was by appeal, and no appeal was taken. Habeas corpus cannot be invoked to review matters passed on by the trier of facts at the trial. *Com. ex rel. Lepera v. Burke,* 173 Pa. Superior Ct. 627, 98 A.2d 408. The two bills were properly consolidated for trial. They charged separate offenses committed on the same occasion. But even if there were merit in relator's complaint as to the consolidation of the charges for trial, the objection could not be raised on habeas corpus. *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 98 A. 2d 208. A petition for habeas corpus is not a substitute for appeal. *Com. ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A.2d 767.

The court however, in our view, erred in imposing separate sentences on each of the convictions. Separate indictments may properly charge the same state of facts as constituting different offenses, but where the crimes as charged grow out of the same transaction, differing merely in degree, only one penalty can be imposed after conviction of both. Relator was not unduly prejudiced in this case. The sentence on the more serious charge of assault with intent to ravish was proper and the sentence for a lesser term for aggravated assault and battery was directed to be served concurrently with it. Relator nevertheless is entitled to have the latter sentence stricken off. Simple assault and battery is an ingredient of assault with intent to ravish and merges with the more serious offense on conviction of the offender. And similarly if, in the intent to ravish, grievous bodily harm results from the assault, we are bound to conclude that but one crime has been committed, on the authority of *Com. ex rel. Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190, as we understand its holding. In that case the de-

fendant by plea of guilty was convicted of (1) assault and battery with intent to ravish. (2) aggravated assault and battery and (3) rape. He was sentenced on each of the counts to terms of imprisonment to be served consecutively. It was there held that the sentences on counts of the indictment other than for rape should be stricken off and that the respondent warden might treat the committment under which he held the relator as if they had been amended accordingly. The fact that the sentences in the present case are concurrent and in the Shaddock case were to be served consecutively does not affect the applicably of the rule. A sentence illegally imposed should be stricken even if it does not lengthen the term of imprisonment of a relator under another sentence lawfully imposed. As to one whose rights are thus invaded the question of the legality of a sentence is not wholly academic. When two offenses merge there is but one crime and only one sentence can be imposed. *Commonwealth v. McCusker et al.*, 363 Pa. 450, 70 A.2d 273.

The court however properly discharged the rule on relator's petition for habeas corpus without going into a hearing involving the taking of testimony. Such hearing is unnecessary where, as here, no factual issues are raised by the petition and answer, which can be resolved on habeas corpus. *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 98 A.2d 206. No hearing was necessary since the allegations in the petition did not make out a prima facie case for allowing the writ. *Com. ex rel. Rogers v. Claudy,* 170 Pa. Superior Ct. 639, 90 A.2d 382. One who asks for release from custody under a writ of habeas corpus must present a prima facie case entitling him to court relief. *Com. ex rel. Lieberum v. Lewis,* 253 Pa. 175, 98 A. 31.

The sentence of relator on his conviction of aggravated assault and battery is set aside. The order, denying relief on relator's petition for habeas corpus, is otherwise affirmed.