Commonwealth ex rel. McCurdy, Appellant *v.* Burke.

Argued March 8, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*W. Glen George*, with him *Curtis L. McCurdy*, appellant, in propria persona.

*Frank P. Lawley, Jr.*, Deputy Attorney General, with him *Daniel E. Teeter*, District Attorney, and *Frank F. Truscott*, Attorney General, for appellee.

OPINION BY RHODES, P. J., July 13, 1954:

On August 26, 1952, relator, after trial by jury, was found guilty on a bill of indictment in the Court of Oyer and Terminer of Adams County, at No. 7, August Term, 1952, charging rape, incestuous adultery, and

contributing to the delinquency of a minor,[1] and on August 30, 1952, he was sentenced to the Eastern State Penitentiary for a term of not less than three and one-half years nor more than seven years on the count charging rape. Sentences on the remaining counts of bill No. 7 were suspended. The effective date of the sentence imposed was June 28, 1952.

Being confined in the Eastern State Penitentiary, relator, on May 5, 1953, filed a petition for writ of habeas corpus in the Court of Common Pleas of Adams County. A rule to show cause was granted and answer filed by the Warden of the Eastern State Penitentiary. An answer was filed by the District Attorney of Adams County and the Attorney General of the Commonwealth. The District Attorney and the Attorney General also filed a motion to discharge the rule and dismiss the petition on the ground that the petition was insufficient in law.

After argument before the court on the petition and answers, motion to dismiss, and the original record, the motion to dismiss was granted on May 29, 1953, by President Judge SHEELY. Relator was represented by court-appointed counsel.

In granting the motion to dismiss, Judge SHEELY granted leave to relator to file, within thirty days, an amended petition in conformity with his opinion. On June 19, 1953, relator filed what he termed an amended petition for writ of habeas corpus, and on July 3, 1953, this petition was also dismissed. In dismissing the petition, the court said: "Since the amended petition for a writ of habeas corpus alleges no facts which, if

---

[1] At the same time relator was also tried and found guilty on a bill of indictment at No. 51, August Term, 1952, in the Court of Quarter Sessions of Adams County, charging wilful and wanton pointing and discharging a firearm. Sentence was suspended on this conviction.

true, would warrant the issuance of a writ, there is no occasion to issue a rule to show cause . . ."

This appeal by relator followed.

Where a relator's petition raises no factual issues requiring determination by the court and fails to establish any ground entitling relator to relief by habeas corpus, a hearing is unnecessary and would serve no purpose. *Com. ex rel. Wolcott v. Burke,* 173 Pa. Superior Ct. 473, 476, 98 A. 2d 206.

Furthermore, when the petition, answers, and original record disclose only questions of law, oral argument to hear relator's views on the legal issues involved is sufficient. *Com. ex rel. Bishop v. Claudy,* 373 Pa. 523, 97 A. 2d 54; *Com. ex rel. Haines v. Burke,* 173 Pa. Superior Ct. 477, 482, 98 A. 2d 208; *Com. ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 297, 104 A. 2d 163.

Relator was afforded the opportunity of presenting oral argument, and the court below properly concluded that the petitions were prima facie insufficient for the issuance of a writ, which appears from a brief consideration of relator's contentions.

Preliminarily we deem it advisable to point out that relator's statements and affidavits attached to his appeal brief, not presented to or considered by the court below, will not be the subject of further inquiry by this Court, as the matters therein set forth were within the knowledge of relator and could have been submitted to the court below before the dismissal of the original petition. *Com. ex rel. Sholter v. Claudy,* 171 Pa. Superior Ct. 442, 447, 90 A. 2d 343. Affidavits or other evidence or matters dehors the record cannot be used in this proceeding merely to impeach testimony which relator alleges was given at his trial. *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 267, 74 A. 2d 769.

The failure to have notes of testimony taken at relator's trial did not constitute a denial of due process

or of any constitutional right. There is no averment that relator or his counsel requested that a report of the proceedings be taken stenographically either before or during the trial. See section 2 of the Act of May 1, 1907, P. L. 135, as amended, 17 PS § 1802.

In *Com. ex rel. Turk v. Ashe,* 167 Pa. Superior Ct. 323, 324, 327, 74 A. 2d 656, 657, 659, certiorari denied 340 U. S. 907, 71 S. Ct. 274, 95 L. Ed. 656, we said: "Court stenographers or reporters were unknown to the common law. Their appointment and duties are purely statutory and there is no constitutional requirement that a trial be stenographically reported. . . . Since 'the law of the land' provided that a criminal trial shall be stenographically reported, *at any stage of the proceeding, whenever the defendant asks for it,—* where he makes no such request he cannot thereafter complain that by reason of his own inaction the case was not reported."

The sufficiency and the character of the evidence at a trial are not matters for consideration in a habeas corpus proceeding. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593[2]; *Com. ex rel. Lepera v. Burke,* 173 Pa. Superior Ct. 627, 631, 98 A. 2d 408; *Com. ex rel. Tokarchik v. Claudy,* 174 Pa. Superior Ct. 509, 512, 102 A. 2d 207. The competency of the testimony given by the relator's wife at his trial, the sufficiency of the evidence as to the crimes charged, and the credibility of the testimony given by a minor are within that rule. See *Com. v. Nadolny,* 163 Pa. Superior Ct. 517, 63 A. 2d 129; *Com. ex rel. Cardell v. Baldi,* 174 Pa. Superior Ct. 247, 248, 101 A. 2d 118; *Com. ex rel. Schuch v. Burke,* 174 Pa. Superior Ct. 137, 140, 100 A. 2d 122; *Com. v. Allabaugh,* 162 Pa. Superior Ct. 490, 58 A. 2d 184.

[2] See *Com. ex rel. Garrison v. Burke,* 378 Pa. 344, 106 A. 2d 587.

As to alleged perjured testimony, the court below adequately disposed of this question as follows: "Assuming these statements to be true, it falls far short of showing that the relator was convicted on perjured testimony. As stated in our original opinion: 'A mere variance in testimony, or the fact that a witness may have made contradictory statements, goes to the question of the credibility of the witness but does not, in itself, indicate perjury on the part of the witness or that the defendant was convicted on perjured testimony, and is not, of itself, sufficient to compel a new trial: Commonwealth vs. Carter, 272 Pa. 551, 555 (1922),' much less to be the basis for a writ of habeas corpus."

In *Com. ex rel. De Poe v. Ashe,* 167 Pa. Superior Ct. 23, 25, 74 A. 2d 767, 769, certiorari denied 341 U. S. 933, 71 S. Ct. 800, 95 L. Ed. 1362, where there was an averment in relator's petition that the testimony on behalf of the Commonwealth was perjured, we said: "The testimony presented by relator was contradictory of that presented by the Commonwealth, but the evidence was entirely adequate to warrant a conviction. The credibility of the witnesses was for the jury. Relator's attack on the evidence presented at the trial cannot be the subject of habeas corpus. Com. ex rel. Koleg v. Ashe, 140 Pa. Superior Ct. 215, 14 A. 2d 175."

Finally, relator's complaint that the two bills of indictment were consolidated for trial is without merit, as such objection cannot be raised on habeas corpus. *Com. ex rel. Howard v. Claudy,* 172 Pa. Superior Ct. 574, 93 A. 2d 906; *Com. ex rel. Haines v. Burke,* supra, 173 Pa. Superior Ct. 477, 481, 98 A. 2d 208; *Com. ex rel. Tokarchik v. Claudy,* supra, 174 Pa. Superior Ct. 509, 512, 102 A. 2d 207; *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 446, 71 A. 2d 799.

The order of the court below is affirmed.