Commonwealth ex rel. Cobb, Appellant, *v.* Burke.

Argued March 24, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J. and Hirt, J., absent).

*L. P. Hill,* with him *Arthur W. Cobb, Jr.,* appellant, in propria persona.

*C. Howard Harry, Jr.,* Assistant District Attorney, with him *J. Stroud Weber,* District Attorney, for appellee.

Opinion by Ervin, J., July 13, 1954:

Relator was convicted of burglary and larceny by a jury in the quarter sessions court of Montgomery County and was sentenced on September 23, 1949 to serve not less than seven and one-half nor more than

fifteen years in the Eastern State Penitentiary where he is now confined. The present appeal is from the order of the Court of Common Pleas of Montgomery County discharging the relator's rule to show cause why a writ of habeas corpus should not issue and dismissing relator's petition without hearing.

On November 21, 1952, the instant petition for writ of habeas corpus was filed by the relator averring that he had been denied due process of law on the trial of his case.

In answer to relator's contention that he was ignorant of his constitutional rights and ignorant about law and did not know how to defend himself to prove his innocence, the record clearly shows that he was represented during most of the trial by competent counsel of his own choice. After he dismissed his counsel he accepted counsel appointed by the court and was represented by him during the remainder of the trial.

Relator next contended he was denied his constitutional rights to obtain witnesses in his defense. Relator was committed to the county jail on June 17, 1949 in default of bail. Relator and his attorney had from that time until the trial began on September 19, 1949, a period of over three months, to contact, subpoena and produce witnesses for trial if necessary to relator's defense. Moreover, no request for a continuance for the purpose of producing these witnesses was made to the court prior to or at the time of trial. Nor did the court appointed counsel for the defendant request a continuance to produce additional witnesses.

Relator's contention that his conviction was grounded on perjured testimony knowingly used by the prosecuting attorney is also without merit. The Commonwealth, as part of its case, produced seven witnesses, including three accomplices who testified to the breaking into and burglarizing of watches and diamond

rings from the Morris Jewelry Store in Norristown, Pennsylvania. The relator's three accomplices, all of whom had plead guilty and had been sentenced to the Eastern State Penitentiary, testified to the participation of the relator in this crime. Moreover, an attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus. *Com. ex rel. De Poe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767.

Relator avers in his petition that the court below "continuously refused and denied petitioner notes of testimony of the trial." There were never any motions filed and when the relator did request the notes of testimony, long after the appeal period had expired, he was advised they would be furnished upon his paying for them in advance. This he did not do and accordingly the notes were never transcribed.

The record in this case together with the averments in relator's petition provide no basis for the issuance of a writ of habeas corpus. It is well settled that a relator cannot obtain relief by habeas corpus for errors alleged to have occurred in the course of his trial. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 126, 75 A. 2d 593. The rule is also firmly established that a writ of habeas corpus can never be used as a substitute for an appeal. *Com. ex rel. Firmstone v. Burke,* 175 Pa. Superior Ct. 128, 136, 103 A. 2d 476; *Com. ex rel. Sell v. Tees,* 176 Pa. Superior Ct. 57, 107 A. 2d 205.

Furthermore, where, as here, the petition in the light of the record on which it is based fails to make out a case entitling the relator to relief, the petition was properly dismissed without hearing. *Com. ex rel. Comer v. Claudy,* 174 Pa. Superior Ct. 494, 498, 102 A. 2d 227.

Order affirmed.