Commonwealth ex rel. Ruger, Appellant, *v.* Day.

Submitted October 7, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Anthony Ruger;* appellant, in propria persona.

*Raymond R. Start,* District Attorney, *Joseph E. Pappano,* First Assistant District Attorney and *John R. Graham,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., November 9, 1954:

After trial by jury in October, 1952, Anthony Ruger was convicted of abortion causing death. Section 719 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §4719. Ruger was represented by two competent attorneys. There was no motion for new trial, and no appeal was taken. Ruger is now serving a term of two and one-half to ten years in the Eastern State Penitentiary. In August, 1953, he filed a petition for writ of habeas corpus alleging error in the charge of the trial judge. This petition was dismissed in a comprehensive opinion by Judge TOAL. No appeal was taken. In August, 1954, another petition for a writ of habeas corpus was filed. This second petition sets forth the same purported error in the charge of the trial judge, and alleges in addition that certain witnesses for the Commonwealth had committed perjury. The second petition was dismissed, and this appeal followed.

As an illustration of the problem confronting courts in cases of this nature, we quote verbatim appellant's statement of the questions he raises on this appeal: "1. The illegal use of statue section and substance defined therein, to embrace this indictment No. 265. said statue, section 1105 one not prescribed by Acts of Assembly to embrace the charge indictment No. 265. 2. The use and allowance of perjury testimony by trial Judge, the testimony of Mr. Anderson and Mrs. Campbell of which, in its own utterance was fact of perjury against your petitioner. 3. The Court of Common Pleas, of Delaware County, Pennsylvania did again deny your petitioner due process when the Court handed down an opinion of petition of Writ of Habeas Corpus in June term, 1953. No. 2709. where in the Court did not base their opinion in consistent with acts com-

plained of in petition of Writ of Habeas Corpus, as prescribed by law".

It is at once apparent that appellant is attempting to use the writ of habeas corpus as the substitute for an appeal. As was said by President Judge RHODES in *Commonwealth ex rel. Sharpe v. Burke*, 174 Pa. Superior Ct. 350, 101 A. 2d 397: "Both appellate courts of this Commonwealth have repeatedly and clearly stated the limitations of habeas corpus. It is not available to review the sufficiency of the evidence upon which a conviction is based, or for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial". See also *Commonwealth ex rel. Harris v. Burke*, 374 Pa. 43, 96 A. 2d 909; *Commonwealth ex rel. Sell v. Tees*, 176 Pa. Superior Ct. 57, 107 A. 2d 205. Furthermore, assuming that his first contention could properly be raised by habeas corpus, appellant's remedy was to appeal from the dismissal of the prior petition, not to file a new petition: *Commonwealth ex rel. Allen v. Claudy*, 170 Pa. Superior Ct. 499, 87 A. 2d 74. And see *Commonwealth ex rel. Dote v. Burke*, 173 Pa. Superior Ct. 192, 96 A. 2d 151.

Overlooking the fact that appellant did not appeal from his conviction, or from the dismissal of his first petition, our review does not disclose error in the charge of the trial judge. Appellant was indicted as a principal. He admitted on the witness stand that he brought to the victim's home the instrument and the solution, the use of which caused almost immediate death. He contended that the victim made use of the instrument and the solution herself. The evidence of the Commonwealth indicated that appellant was the actual perpetrator. It was proper for the trial judge to instruct the jurors that they could find appellant

guilty in either event. Section 1105 of The Penal Code, supra, 18 PS 5105. A defendant may be both an accessory before the fact and a principal, and the indictment is the same whether he is the one or the other or both: *Commonwealth v. Mendola,* 294 Pa. 353, 144 A. 292. See also *Commonwealth v. Heffelfinger,* 82 Pa. Superior Ct. 351; *Commonwealth v. Weldon,* 159 Pa. Superior Ct. 447, 48 A. 2d 98.

Appellant's second contention is also without merit. An attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus: *Commonwealth ex rel. DePoe v. Ashe,* 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Commonwealth ex rel. Cobb v. Burke,* 176 Pa. Superior Ct. 60, 107 A. 2d 207. In any event, a mere variance in testimony, or the fact that a witness may have made contradictory statements, goes to the question of the credibility of the witness but does not necessarily indicate perjury or that the defendant was convicted on perjured testimony: *Commonwealth ex rel. McCurdy v. Burke,* 175 Pa. Superior Ct. 482, 106 A. 2d 684. The writ of habeas corpus may not be used to re-examine matters of fact which were passed on by the jury at the trial: *Commonwealth ex rel. Geiger v. Burke,* 371 Pa. 230, 89 A. 2d 495; *Commonwealth ex rel. Lepera v. Burke,* 173 Pa. Superior Ct. 627, 98 A. 2d 408.

Appellant's final contention, as we understand it, is that the court below denied him due process by dismissing his original petition. This contention obviously has no merit and does not require discussion. Since appellant failed to show any cause for the issuance of the writ, the petition was properly dismissed without hearing. See *Commonwealth ex rel. Comer v. Claudy,* 174 Pa. Superior Ct. 494, 102 A. 2d 227; *Commonwealth ex rel. Robinson v. Baldi,* 175 Pa. Superior Ct. 550, 106 A. 2d 689.

The order of the court below is affirmed.