## Commonwealth ex rel. Ketter, Appellant, *v.* Day.

Submitted April 11, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James Ketter,* appellant, in propria persona.

*Edward C. Boyle,* District Attorney and *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION BY CARR, J., July 17, 1956:

James Ketter, a prisoner in the State Penitentiary at Graterford, appeals from an order of the Court of Common Pleas of Allegheny County refusing a writ of habeas corpus for his discharge from custody. He attacks the validity of his conviction and sentence by the court of Oyer and Terminer of that county on the grounds that he was not given a preliminary hearing before a magistrate, that he was improperly indicted jointly with an unidentified "John Doe", that one of the witnesses against him testified falsely, and that certain other evidence was inadmissible.

It appears from the record exhibited in answer to a rule to show cause why the writ should not be issued that on April 26, 1952, an information was made against the relator and one John Doe for armed robbery and a warrant issued for their arrest, but neither of them could then be found; on June 3, 1952, the two were indicted by the grand jury; on November 26, 1954 the relator was apprehended as a fugitive at Knoxville, Tennessee and returned to Pittsburgh for trial; on

February 8, 1955 he pleaded not guilty to the indictment; on February 8 and 9, 1955 he was tried before a jury and found guilty, having been defended by an attorney appointed by the court, and upon his conviction was sentenced to imprisonment in a state institution for a term of from four to eight years, sent to the Western Correctional Diagnostic and Classification Center, and from there was subsequently transferred to the penitentiary where he is now confined.

We have repeatedly pointed out that questions of the sufficiency or regularity of proceedings prior to indictment cannot be raised by a petition for a writ of habeas corpus, *Commonwealth ex rel. Geisel v. Ashe*, 165 Pa. Superior Ct. 41; *Commonwealth ex rel. Scasserra v. Maroney*, 179 Pa. Superior Ct. 150. It is equally well settled that by pleading to the indictment and going to trial all defects, if any, in the form of the indictment were waived: *Commonwealth v. Lingle*, 120 Pa. Superior Ct. 434. Nor can the truth or the admissibility of evidence adduced at trial be considered in a habeas corpus proceeding; the remedy is a motion or a new trial followed, if necessary, by an appeal; *Commonwealth ex rel. McCurdy v. Burke*, 175 Pa. Superior Ct. 482; *Commonwealth ex rel. Schuch v. Burke*, 174 Pa. Superior Ct. 137; *Commonwealth ex rel. Cobb v. Burke*, 176 Pa. Superior Ct. 60; *Commonwealth ex rel. Ruger v. Day*, 176 Pa. Superior Ct. 479.

Nevertheless we have read the transcript of the testimony in its entirety and are satisfied that this relator had a fair and impartial trial. On the evening of March 8, 1952, stationing a confederate outside as a lookout, he had entered a gasoline service station in the neighborhood where he resided, pointed a revolver at the attendant, forced him to open the cash register, and after extracting the contents had beaten the attendant into insensibility. He was positively identified by

his victim who had seen him at the station a number of times before. His defense was an alibi which, however, the Commonwealth was able effectively to rebut. The face of his confederate was not seen and he was never apprehended. We find nothing whatever in the record of which the relator can justly complain.

The order of the court below is affirmed.