## Commonwealth ex rel. Drew v. Myers

*Alvin R. Drew,* in proprio persona.

*Arlen Specter, Paul M. Chalfin* and *Victor H. Blanc,* for defendant.

WATERS, J., November 1, 1960.—An appeal having been taken from the court's action dismissing relator's petition for a writ of habeas corpus, this opinion is

filed in accordance with the mandate set forth in Superior Court Rule 43.

Relator's petition for a writ of habeas corpus is difficult to follow. However, its central theme is directed to the subject of witnesses. It is averred that there was an insufficiency of evidence to sustain conviction; that the Commonwealth used fabricated testimony; that the trial judge abused his discretion in refusing to grant a continuance. Relator was tried before the Hon. Edward J. Griffiths and a jury on bill of indictment no. 414, February sessions, 1958, charging illegal possession and sale of narcotic drugs. After a verdict of guilty, his motion for new trial was considered and overruled and he was sentenced to a term of not less than seven and one-half years and not exceeding 30 years. Relator then appealed this conviction and sentence to the Superior Court, which, in an opinion by Judge Gunther, unanimously affirmed the judgment: Commonwealth v. Drew, 190 Pa. Superior Ct. 478 (1959).

We dismissed the petition because it clearly appeared that the matters complained of had been once reviewed in the Superior Court and did not form a basis for issuance of the writ. "The writ of habeas corpus may not be used to re-examine matters of fact which were passed on by the jury at the trial: *Commonwealth ex rel. Geiger v. Burke*, 371 Pa. 230, 89 A. 2d 495; *Commonwealth ex rel. Lepera v. Burke*, 173 Pa. Superior Ct. 627, 98 A. 2d 408": Commonwealth ex rel. Ruger v. Day, 176 Pa. Superior Ct. 479, 483 (1954).

The contention that fabricated evidence was used at trial is not properly presented in a habeas corpus petition and questions of trial error must be raised in a motion for new trial or an appeal: Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271 (1956) ; Commonwealth ex rel. Jones v. Day, 181 Pa. Superior

Ct. 37 (1956) ; Commonwealth ex rel. Estelle v. Cavell, 191 Pa. Superior Ct. 200 (1959) ; Commonwealth ex rel. Bey v. Myers, 190 Pa. Superior Ct. 63 (1959) ; Commonwealth ex rel. Hamilton v. Cavell, 188 Pa. Superior Ct. 161 (1958); Commonwealth ex rel. Bishop v. Maroney, 382 Pa. 324 (1955), certiorari denied, 350 U. S. 917.

In Commonwealth ex rel. Ruger v. Day, supra, Judge Wright stated on behalf of the court, at page 483:

"An attack on the evidence presented at the trial, based on an averment that it was perjured, cannot be a subject of habeas corpus: *Commonwealth ex rel. De-Poe v. Ashe*, 167 Pa. Superior Ct. 23, 74 A. 2d 767; *Commonwealth ex rel. Cobb v. Burke*, 176 Pa. Superior Ct. 60, 107 A. 2d 207. In any event, a mere variance in testimony, or the fact that a witness may have made contradictory statements, goes to the question of the credibility of the witness but does not necessarily indicate perjury or that the defendant was convicted on perjured testimony: *Commonwealth ex rel. McCurdy v. Burke*, 175 Pa. Superior Ct. 482, 106 A. 2d 684. The writ of habeas corpus may not be used to re-examine matters of fact which were passed on by the jury at the trial: *Commonwealth ex rel. Geiger v. Burke*, 371 Pa. 230, 89 A. 2d 495; *Commonwealth ex rel. Lepera v. Burke*, 173 Pa. Superior Ct. 627, 98 A. 2d 408."

Questions as to the sufficiency or insufficiency of the evidence to sustain a conviction cannot be raised by way of habeas corpus: Commonwealth ex rel. Marelia v. Burke, 366 Pa. 124 (1950) ; Commonwealth ex rel. Butler v. Banmiller, 190 Pa. Superior Ct. 474 (1959). Complaints as to the trial judge's charge of refusal of application for continuance and refusal of points for charge cannot be entertained in a petition for a writ of habeas corpus: Commonwealth ex rel. Marelia, supra; Commonwealth ex rel. Sharpe v. Burke, 174 Pa.

Superior Ct. 350 (1953). Relator's contention that he was entrapped was a matter of defense and a factual issue for the jury: Commonwealth v. Kutler, 173 Pa. Superior Ct. 153 (1953). Relator strenuously complains as to the role of one Irving Carter in his conviction and as to the testimony of Harold Carter in securing his conviction, but these are not matters which can be reviewed in a habeas corpus proceeding and they were actually reviewed or available for review in the appeal to the Superior Court. Relator's contention that evidence was suppressed is simply a rephrasing of his contention that an alleged eye witness should have been called at the time of trial; that question was decided by the Superior Court.

For the foregoing reasons we dismissed relator's petition.