## Commonwealth ex rel. Althoff v. Myers

*Earl Althoff*, p.p., relator.

*Ernest L. Greene*, Assistant District Attorney, for respondent.

TOAL, J., January 25, 1962.—Earl Althoff was indicted on September 16, 1957, on no. 150 September sessions, 1957, on the charge of sodomy, and on no. 151 September sessions, 1957, on charge of corrupting the morals of children. On March 17, 1958, he was convicted of an attempt to commit sodomy (Act of June 24, 1939, P.L. 872, sec. 1107, 18 PS §5107); and of corrupting the morals of children (Act of June 24, 1939, P.L. 872, sec. 532, amended, June 3, 1953, P.L. 277, sec. 1, 18 PS §4532).

At the trial before the jury, counsel for defendant, Althoff, demurred to the indictment charging sodomy and the trial judge sustained the demurrer as to the sodomy but permitted the indictment to be submitted to the jury on the charge of attempt to commit sodomy. A motion in arrest of judgment and for a new trial was filed by counsel for defendant, the matter was argued orally before the court en banc and written briefs submitted by both sides. The court, by a written opinion, on July 31, 1958, dismissed the motions for a new trial and in arrest of judgment. Defendant was subsequently sentenced on September 15, 1958, on indictment no. 150 (attempt to commit sodomy) to a minimum term of one and one-half years and a maximum term of three years in the Delaware County Prison. Defendant served his entire sentence in the Delaware County Prison on the above sentence and is now serving a term in the penitentiary for violation of parole.

At this late date, he now has petitioned this court for allowance of a writ of habeas corpus on the ground (1) that there was not sufficient evidence to warrant a conviction of attempt to commit sodomy and (2) that the trial judge erred in submitting the charge of attempt to commit sodomy to the jury as there was no legal right to do so.

These two matters have been decided adversely to defendant by this court and such questions should have been raised on an appeal. It is well settled that a writ of habeas corpus is not a substitute for an appeal (Commonwealth ex rel. McQueen v. Prasec, 178 Superior Ct. 195), and it cannot be invoked to review matters passed on by the trier of facts at a trial (Commonwealth ex rel. Lepera v. Burke, 173 Pa. Superior Ct. 627).

The petition of relator fails to make out a case entitling relator to relief since no factual issues are raised which can be resolved on a habeas corpus.

*Order*

And now, to wit, January 25, 1962, the petition of Earl Althoff for a writ of habeas corpus in the above entitled matter be and the same is hereby dismissed.