THE STATE, DEFENDANT IN ERROR, v. HELEN MARSHALL, PLAINTIFF IN ERROR.

Submitted January 2, 1922—Decided April 13, 1922.

1. A person cannot, in reason or in fact, be the aider and abettor of another in the doing of a criminal act unless such criminal act has in fact been performed by that other.

2. C., as town collector, was indicted for the embezzlement of funds belonging to a town. M. was charged with aiding and abetting, counseling, inciting and procuring C. to commit the embezzlement. C. was acquited. *Held*, that as C. was not guilty of the embezzlement charged against him, M. could not have aided and abetted him in the commission of the offence.

---

On error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Alexander Simpson.*

For the state, *Pierre P. Garven,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The one hundred and sixty-eighth section of our Crimes act (*Comp. Stat., p.* 1795) declares that "any county, township, village, borough, city or ward collector * * * having taxes to collect * * * who shall embezzle, unlawfully loan or retain in his hands any money received or collected by him for the state, or any county, city, township, village, borough, ward or school, or road district, shall be guilty of a high misdemeanor."

Harry B. Caithness was collector of taxes of Kearny, from the year 1913 up to and including the month of June, 1921. An examination of his books made in the early part of the year 1920 disclosed a shortage in his accounts approximating $15,000, and the matter having been laid before the grand jury for its investigation and consideration, they returned an indictment against him framed under the section of our Crimes act, which has been quoted, and charging him with the embezzlement of moneys received by him as collector of taxes of Kearny to the amount already stated. The indictment also charged Helen Marshall, who was a clerk in the collector's office, with aiding and abetting Caithness in his embezzle-

ment, and unlawfully counseling, inciting and procuring him to commit it.

The trial of the indictment against Caithness and Marshall was moved in due course, and at the close of the proofs the trial judge charged the jury that, as the offence laid in the indictment was a statutory one, in law both Caithness and Marshall were principals, and that for this reason they could convict or acquit both or either of them. Under this instruction the jury returned a verdict of not guilty as to Caithness, and that "Helen Marshall is guilty of embezzlement as in the aforesaid indictment is charged against her."

The principal assignment of error is directed at this instruction, and our consideration of it leads us to the conclusion that it was unsound in law. It is true that all persons who aid and abet in the commission of an act which is made criminal by statute and the person who actually performs the criminal act are, in law, joint principals. *Engeman* v. *State*, 54 N. J. L. 247; *State* v. *Fox*, 70 Id. 353; *State* v. *Spence*, 81 Id. 265. But this principle of law presupposes the guilt of the party who is alleged to have actually committed the criminal act; for a person cannot, in reason or in fact, be the aider and abettor of another in the doing of a criminal act unless such criminal act has in fact been performed by that other. In the present case the charge of the grand jury was that Caithness, as town collector, had embezzled funds belonging to the town, and that Marshall aided and abetted, counseled, incited and procured him to commit the embezzlement. The verdict of the jury established the fact that Caithness had not embezzled the funds of the town entrusted to him and specified in the indictment, and, this being so, it is manifest that Helen Marshall could not have become a joint principal with him in the commission of the offence charged against him.

It is urged on behalf of the state that the proofs conclusively demonstrated that these moneys had actually been misappropriated by the Marshall woman, without the knowledge of the town collector, and that therefore the conviction ought to be sustained. But this contention cannot prevail. The

only charge laid against her in the indictment was the inciting, counseling, aiding and abetting of Caithness in his alleged violation of the one hundred and sixty-eighth section of the Crimes act. She could not be guilty of the crime denounced by the statute except as an aider and abettor, for the reason that she was not the collector of taxes of the town, and, therefore, could not embezzle moneys received or collected by her as such collector.

The judgment under review must be reversed.