175 N.J. Super. 603 (1980)
421 A.2d 604
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JEROME PARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted July 29, 1980.
Decided August 11, 1980.
*605 Before Judges KING, FRANCIS and MORTON I. GREENBERG.
Stanley C. Van Ness, Public Defender, attorney for appellant (Gregory J. Tierney, designated attorney, of counsel and on the brief).
John J. Degnan, Attorney General, attorney for respondent (Donald S. Coburn, Essex County Prosecutor, of counsel; John J. Haggerty, III, Assistant Essex County Prosecutor, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Defendant Jerome Parris, as well as Darryl Bey, Michael Jones and Rufus Hooker, were indicted for robbery and robbery while armed. N.J.S.A. 2A:141-1; N.J.S.A. 2A:151-5. Charges against Jones were dropped. Hooker and Bey were tried before defendant. At the end of the State's case against them they were ordered acquitted. Defendant was then tried alone and convicted by a jury on both counts. The evidence showed that defendant, Bey and Hooker were confederates in the robbery. The trial judge charged the jury not only with respect to defendant's own direct involvement in the criminal enterprise but also indicated that the jury could find him guilty if he were an aider or abettor of Bey and Hooker. N.J.S.A. 2A:85-14.
Defendant appeals, asserting that because of the acquittal of Bey and Hooker his conviction was barred by the doctrine of collateral estoppel. He further contends that the instruction of the trial judge that the jury could find defendant guilty as an aider and abettor was erroneous since Bey and Hooker had been acquitted.
Defendant did not raise the defense of collateral estoppel before the trial. Thus the defense was waived since R. 3:10-2 requires that any defense or objection based on defects in the institution of the prosecution must be raised on motion in advance of trial. This includes the defense of collateral estoppel. *606 State v. Currie, 41 N.J. 531, 535 (1964). Certainly if a defendant has a valid collateral estoppel defense, the requirement that it be asserted before trial will save both the State and defendant the expense of trial. Here defendant clearly should have been aware of the defense before trial because his two acquitted codefendants had been tried under the same indictment. The facts on which the defense was predicated were hardly obscure.
In any event, the prosecution of defendant was not barred by collateral estoppel. Defendant was not a party to the prior trial of Bey and Hooker. In State v. Gonzales, 75 N.J. 181 (1977), the Supreme Court declined to abandon the requirement that collateral estoppel may be asserted in a criminal case only where there is an identity of parties in the two proceedings. While a narrow exception in search and seizure suppression matters was announced in Gonzalez, we see no reason to extend that exception to this case. Here, as well as in the trial of Bey and Hooker, the victim of the crime was not available to testify. In the circumstances, because of the absence of this important evidence it can hardly be said that the first trial established as an ultimate fact that Bey and Hooker were not guilty. Rather, it is established that in the view of the trial judge the evidence presented was not adequate to support a conviction of either of them. R. 3:18-1. Such a determination simply lacks the finality or certainty inherent in a factual finding in a civil action.
Defendant raises a more substantial objection when he contends that it was error for the trial judge to charge the jury on aiding and abetting. In essence he urges that he cannot be found guilty of aiding and abetting persons previously acquitted of the acts which he allegedly aided and abetted. He indicates that his conviction "is plainly contrary to the established rule in New Jersey that an aider and abettor cannot be convicted where the principal is acquitted of the crime." Defendant cites State v. Marshall, 97 N.J.L. 10 (Sup.Ct. 1922), and State v. Croland, 54 N.J. Super. 594 (App.Div. 1959), aff'd on other grounds 31 N.J. 380 (1960), as authority for this rule.
*607 Clearly there is some support for defendant's position in the cases, particularly Marshall, yet we do not regard the matter as settled in New Jersey in the absence of a definitive statement from our present Supreme Court. Certainly we are not obliged to follow decisions of the former Supreme Court or earlier Appellate Division rulings. Cf. English v. Stokes Molded Products, Inc., 43 N.J. Super. 68, 78 (App.Div. 1956).
Two recent developments have convinced us that we should not hold that the acquittal of Bey and Hooker should mean that defendant cannot be convicted of aiding and abetting them. Firstly, under the New Jersey Code of Criminal Justice, though admittedly not in force at the time of the trial, the conviction of defendant would stand. The Code provides:
An accomplice may be convicted on proof of the commission of the offense and of his complicity therein, though the person claimed to have committed the offense has not been prosecuted or convicted or has been convicted of a different offense or degree of offense or has an immunity to prosecution or conviction or has been acquitted. [N.J.S.A. 2C:2-6f].
We regard the prior common law on the subject as unclear. In such a situation it is entirely proper to refer to a later statute to find the prior appropriate common law rule and to announce the common law to be consistent with the statute. Cf. Shell Oil Co. v. Marinello, 63 N.J. 402 (1973); cert. den. 415 U.S. 920, 94 S.Ct. 1421, 39 L.Ed.2d 475 (1974); In re Arens, 41 N.J. 364 (1964). This is particularly true in a case where a person cannot legitimately argue to have relied on a contrary common law rule in governing his conduct. Dalton v. St. Luke's Catholic Church, 27 N.J. 22, 25-27 (1958). Certainly defendant did not rely on the common law as expressed in State v. Marshall, supra, when he participated in the robbery.
The second event which convinces us that the acquittal of Bey and Hooker was not a bar to conviction of defendant for aiding and abetting them is the unanimous decision of the Supreme Court of the United States on June 9, 1980 in Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980), which held that in a federal criminal case the acquittal of a principal does not preclude the later conviction of another person for aiding and abetting him. While this decision *608 does not bind us, certainly it should be given great respect. Thus, we hold that the acquittal of Bey and Hooker was not a bar to conviction of defendant for aiding and abetting them. A contrary ruling would mean that we were declining to honor the view of both the Legislature of the State of New Jersey and the Supreme Court of the United States.
Affirmed.